[No. 14723. — Department Two. — August 30, 1892.]

96    47
117   225

COUNTY OF SAN JOAQUIN, Appellant, v. JOSEPH H. BUDD et al., Respondents.

Pleading — Complaint — Striking out Evidentiary Matter. — It is proper to strike from a complaint the statement of matter which, though it may be proper to be shown in evidence upon the trial of the action, adds nothing to the ultimate and issuable facts alleged in the complaint.

Id. — Ejectment — Right of Possession of Rooms in Court-house — Wrongful Withholding — Sufficiency of Complaint. — A complaint in an action by a county to recover possession of rooms in the court-house, which alleges facts showing the plaintiff's right of possession of the court-house, and of the rooms therein described, and that the defendants wrongfully withhold the possession of said rooms from the plaintiff, states a cause of action.

Id. — Judges' Chambers — Names of Judges — Judicial Notice — Demurrer to Complaint. — The fact that the complaint shows that the rooms occupied by the defendants were marked upon the plans of the court-house as judges' chambers does not show that the defendants, who are sued by the county as individuals, and not as judges, are rightfully in possession of the rooms, though they have the same names as the judges of the superior court, and the court cannot, upon demurrer, take judicial notice that the defendants are such judges.

Id. — Power of Supervisors — Control of Court-house. — The corporate powers of a county can only be exercised by the board of supervisors, or by agents and officers acting under their authority, or authority of law; and the supervisors are the representatives of the county for the purpose of providing necessary county buildings and suitable rooms for county purposes, and of erecting and furnishing a court-house, and selecting and designating rooms therein to be occupied by the different officers; and have continual power to assign and change the assignment of rooms in the court-house.

Id. — Power of Superior Judge — Selection of Rooms. — The superior judge has no more power or right than any other county officer to select the particular room in the court-house which he will occupy as his chambers, or to take possession of any room assigned by the supervisors to another officer; though he is not compelled to occupy the room as-

signed to him if it is not suitable, and in such case may proceed to pro-
vide a room under the authority conferred by section 144 of the Code of
Civil Procedure.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*P. W. Bennett,* and *T. C. Van Ness,* for Appellant.

The court takes judicial notice that the county of San Joaquin is one of the organized counties of this state, and a body corporate and politic, and as such entitled to sue, and it is not necessary either to allege or prove such facts. (Code Civ. Proc., sec. 1875; *Goelet* v. *Cowdrey,* 1 Duer, 139; Stephen on Pleading, 345.) In an action of ejectment it is sufficient for the plaintiff to allege the title, right of possession, or prior possession of the plaintiff at the time of the defendants' entry, and the entry and ouster and continued withholding by the defendants. (*Payne* v. *Treadwell,* 16 Cal. 220; *Haight* v. *Green,* 19 Cal. 113; *Caperton* v. *Schmidt,* 26 Cal. 479; 85 Am. Dec. 187; *Marshall* v. *Shafter,* 32 Cal. 177; *Garwood* v. *Hastings,* 38 Cal. 216; *McCarthy* v. *Yale,* 39 Cal. 585; *Keller* v. *Ruiz de Ocana,* 48 Cal. 638.) It may or may not be a fact that the persons sued in this action are the judges of the superior court, but it does not appear upon the face of the complaint that they are, and it is not a fact of which the court can take judicial notice; for in order to do so the court must take judicial notice of the identity of persons from identity of names, and this the court cannot do. (Wade on Notice, p. 724, par. 1414; *Stevenson* v. *Murray,* 87 Ala. 442; *Ellsworth* v. *Moore,* 5 Iowa, 486.)

*James H. Budd, John E. Budd, W. L. Dudley, S. D. Woods,* and *F. T. Baldwin,* for Respondents.

A court will take judicial notice of the accession to office of the principal officers of government in the legislative, executive, and judicial departments of this state,

and of whatever is established by law. (Code Civ. Proc., sec. 1875, subds. 5, 2.) Courts will usually take judicial notice of whatever ought to be generally known within the limits of their jurisdiction. (*Brown* v. *Piper*, 91 U. S. 37; 1 Greenl. Ev., 14th ed., sec. 6; *Chicago etc. R. R. Co.* v. *Warner*, 108 Ill. 538.) A court will take judicial notice of its own officers. (*Dyer* v. *Last*, 51 Ill. 179; *Cary* v. *State*, 76 Ala. 78.) And of an order entered upon its minutes. (*Paget* v. *Curtis*, 15 La. Ann. 451; *Brucker* v. *State*, 19 Wis. 539.) And of the manner in which its court-house is constructed. (*Golcher* v. *Brisbin*, 20 Minn. 455.) As matter of pleading, identity of person will be presumed from identity of name. (*Douglas* v. *Dakin*, 46 Cal. 49; *People* v. *Rolfe*, 61 Cal. 540; *Garwood* v. *Garwood*, 29 Cal. 514; *Thompson* v. *Manrow*, 1 Cal. 428; Code Civ. Proc., sec. 1963, subd. 25.) It is not necessary to state in a pleading matter of which the court takes notice *ex officio*. (12 Am. & Eng. Ency. of Law, 131; Stephens on Pleading, Heard's ed., 345.)

De Haven, J. — This action is brought by the county of San Joaquin to recover possession of two rooms in the court-house of that county. A demurrer to the complaint was sustained, and at the same time the court granted a motion to strike out a portion of the complaint, and thereupon judgment was rendered in favor of defendants. The plaintiff appeals from the judgment.

The complaint alleges, in substance, that a certain block of land in the city of Stockton was dedicated by its owner for public use for the erection thereon of the court-house for San Joaquin, and such other public buildings as might, by the proper authorities, be deemed necessary, and that the plaintiff did erect thereon a court-house, and was, on the 27th of January, 1891, in the possession, and was then and ever since has been entitled to the possession, of said block of land and of the court-house, and of those two rooms on the second floor thereof, each of which is designated, on the plans of said court-house, as "judges' chambers"; and that

the defendants did, "on the day and year last aforesaid, wrongfully and unlawfully enter into said rooms, and did oust the plaintiff therefrom," and now "unlawfully withhold the possession thereof from plaintiff."

The complaint also contained this paragraph, which is the part which was stricken out on motion of defendants: "That said rooms were assigned by plaintiff for the use and occupation of the district attorney of said county, and on the seventh day of April, 1891, he demanded of defendants, in his own behalf, and in the name of and on behalf of plaintiff, that they vacate and surrender possession of said rooms, but to vacate or surrender possession thereof said defendants refused and still refuse."

1. The court did not err in striking from the complaint the paragraph above quoted. It was merely the statement of a matter which might be proper to be shown upon the trial of the action, but it added nothing to the ultimate and issuable facts alleged in the complaint.

2. The complaint states a cause of action. It alleges facts showing plaintiff's right to the possession of its court-house, and of the rooms therein described, and that defendants wrongfully withhold the possession of said rooms from plaintiff. This is all that a complaint in this character of action is required to state. (*Payne* v. *Treadwell*, 16 Cal. 244; *Marshall* v. *Shafter*, 32 Cal. 194.) Indeed, that this complaint would generally be considered sufficient in an action to recover possession of real property is not denied, but it is argued in behalf of respondents that the court must take judicial notice of the fact that the defendants are judges of the superior court of the county of San Joaquin, and as it is alleged that the rooms occupied by them are marked upon the plans of the court-house as judges' chambers, that it thus appears from the complaint that they are rightfully in occupation thereof, and that their occupation is the possession of the plaintiff. This seems to have been the view of the learned judge who presided in the court below, and rendered judgment for the defendants.

3. We do not think the court, in passing upon the

question raised by demurrer to the complaint in this
action, is required to take judicial notice of the fact that
the defendants are judges of the superior court of San
Joaquin County.   The court takes judicial notice of the
fact as to who are the judges of the superior court of that
county, and of their official acts,—that is, of such acts as
can only be performed by a judge of that court in his
official capacity.   But the court can have no judicial
knowledge that a person who is sued upon a promissory
note, or made a defendant in an action to recover pos-
session of real estate, and who may have the same name
as a judge of the superior court, is in fact such judge.
The case has, however, been elaborately argued here by
both parties, upon the conceded fact that the defendants
are judges of the superior court, and that this action is
in fact brought to recover possession of certain rooms
in the court-house which are occupied by defendants
as their judicial chambers, and as the case must be re-
manded for trial, it is proper to consider it from this
point of view, and pass upon the main question which
has been presented in the argument of counsel.

4. It sufficiently appears from the complaint that the
rooms now occupied by the defendants were originally
designed to be used as chambers for the judges of the
superior court, and were so marked upon the plans for
the construction of the court-house, and it is argued
here that the rooms having been constructed for this
purpose, the defendants have the right to occupy them,
and that the board of supervisors has no right to devote
them to any other purpose.   We do not think that this
contention, as thus broadly stated, can be maintained.
The county of San Joaquin is a public corporation vested
with certain corporate powers necessary to enable it to
perform the duties which are imposed upon it as one of
the political subdivisions of the state, and its corporate
powers "can only be exercised by the board of super-
visors or by agents or officers acting under their author-
ity or authority of law."   (County Government Act, sec.
2; Stats. 1883, p. 299.)

In defining the powers of the board of county commissioners in the state of Ohio, the supreme court of that state say: " It may be laid down as a general rule, that the board of county commissioners is clothed with authority to do whatever the corporate or political entity, the county, might, if capable of rational action, except in respect to matters the cognizance of which is exclusively vested in some other officer or person." (*Shanklin* v. *Comm'rs Madison Co.*, 21 Ohio St. 583.) This expresses with accuracy the powers of the board of supervisors within the several counties of this state. In addition to the general language above quoted from the County Government Act, that statute expressly enumerates the powers of the board of supervisors, from which it very clearly appears that these officers are made the representatives of the county for the purpose of providing necessary county buildings and suitable rooms for county purposes, and that they are to take care of, manage, and control all real and personal property belonging to the county and necessary for public use. (County Government Act, sec. 25, subds. 7–9.) It is the duty of the county to erect and furnish a court-house, and to provide necessary offices for the several county officers. In performing this duty the county acts through its board of supervisors precisely as a private corporation acts through or by its directors, and the action of such board in providing " suitable rooms for county purposes," and in designating the particular rooms which shall be occupied by the different officers, is the act of the county. And this power is not exhausted when once exercised, but is a continuing one, and the assignment of offices may be changed whenever, in the judgment of the board, public convenience will be promoted by a change. The authority to provide suitable rooms for county purposes necessarily carries with it the power to designate the room which is suitable for the transaction of any particular part of the public business; and, as before stated, this power is intrusted by law to the judgment and discretion of the board of supervisors, and the judge

of the superior court has no more right to select the particular room in the court-house which he will occupy as his chambers than has the clerk or the sheriff to choose the room which he will occupy as his office. The law certainly confers no authority upon him to take possession of any room in the court-house for his chambers, when such room has been assigned by the board of supervisors to any other county officer. The power of the board is necessarily exclusive. If, however, the room actually assigned for the use of the court or for the judge is not suitable for that purpose, he is not compelled to occupy it, but may proceed under the authority conferred by section 144 of the Code of Civil Procedure, and this power is amply sufficient to protect the superior court from any arbitrary or unreasonable action of the board of supervisors, without in the least interfering with their exclusive right to manage and control the public property, or with the right of other county officers to occupy such rooms in the court-house as may have been assigned to them.

Judgment reversed.

McFARLAND, J., and SHARPSTEIN, J., concurred.