7233

### WERTS v. FEAGLE.

COUNTY SUPERVISOR—COUNTY OFFICERS.—An act creating a commission to erect a new courthouse and empowering it "to provide fire-proof rooms and vaults with modern metallic furniture for the safekeeping of all public books and records," does not authorize it to assign offices to county officials, and although it designed and, with the consent of the county supervisor and his board, set apart a certain office for the county auditor and permitted him to take possession of it, this does not prevent another supervisor and his board at a subsequent time to assign a different office to the county auditor and require him to occupy it. A presentment of a grand jury with reference to such assignment has no binding effect on the supervisor and his board.

Petition for injunction in the original jurisdiction of this Court by Eugene S. Werts, as county auditor of Newberry county, against L. I. Feagle, as county supervisor, and Frank M. Schumpert, as judge of probate.

*Messrs. Blease* and *Dominick,* for petitioner.

*Messrs. Schumpert & Holloway,* contra.

July 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an application to the Court, in the exercise of its original jurisdiction, for an injunction. The petition contains the following allegations:

1st. "That on the 16th day of January, 1909, the said Eugene S. Werts was duly appointed and commissioned to the office of county auditor of Newberry county, and that he entered upon the duties of the said office on the 18th day of January, 1909, succeeding therein William W. Cromer, formerly county auditor of Newberry county, and that the said plaintiff has continuously, since the said 18th day of January, 1909, been discharging, and is now discharging, the duties of the said office.

2d. "That L. I. Feagle is the duly commissioned and qualified county supervisor of Newberry county, and that Frank M. Schumpert is the duly commissioned and qualified judge of probate of Newberry county.

3d. "That as the plaintiff is informed, believes and alleges, during the year 1908, the present courthouse for Newberry county was completed, and that the commission charged with the erection thereof assigned and set apart for the use of the county auditor of Newberry county one of the offices therein, situate on the southern side of the said building, and opposite, on one side thereof, to the office assigned and set apart for the use of the clerk of court of said county, and on another side thereof, to the office assigned and set apart for the use of the county treasurer of said county, and that the predecessor of this plaintiff, in the office of county auditor of Newberry county, in the discharge of his duties as such county auditor, took possession of the office or room hereinbefore described, and continued to use and occupy the same until the expiration of his term of office, and that the said W. W. Cromer, as county auditor aforesaid, had the consent, approval and authority of the county board of commissioners of Newberry county to use and occupy the said office or room.

4th. "That when this plaintiff entered upon the duties of county auditor of Newberry county the use, occupancy and possession of the aforesaid room or office was turned over to him by his said predecessor in the said office, together with the books, records, papers, furnishings and equipment thereof, and that this plaintiff is now, and continuously since the said 18th day of January, 1909, has been, in possession of the said room or office, discharging the duties of his office therein.

5th. "That on the 5th day of February, 1909, the said L. I. Feagle, as county supervisor of Newberry county, demanded that this plaintiff vacate the office or room now occupied by him as auditor of Newberry county, and further

demanded that the plaintiff remove or permit said L. I. Feagle, as county supervisor aforesaid, to remove therefrom the books, records, furnishings and equipment of the said office to another room or office in the said courthouse. His reason therefor is, this plaintiff is informed, believes and alleges being, to permit his co-defendant, Frank M. Schumpert, as judge of probate of Newberry county, to use and occupy the said room and office, and as this plaintiff is informed, believes and alleges, the said Frank M. Shumpert, as judge of probate of Newberry county, was, and is, assisting the said L. I. Feagle as county supervisor, to cause this plaintiff to vacate said office or room, and was and, is, advising, urging and acting with him in the effort and attempt to cause this plaintiff to remove from the said room or office.

6th. "That the room or office to which the said defendants are trying to have this plaintiff, together with the books, records, equipment and furnishings of his office removed is so small and ill-arranged that it is not a proper and suitable place or office room for a proper performance and discharge of the duties of the office of county auditor of Newberry county, and that the same does not contain, and is too small and ill-arranged to be made properly to contain, the necessary furniture and stationery for a proper performance and discharge of his duties of the said office, and that to cause this plaintiff to remove thereto will seriously hamper, interfere with and prevent the plaintiff from a faithful, satisfactory and proper discharge of the duties of the said office."

Then follow allegations that the defendants, by their acts and threats, are seriously interfering with the discharge of his duties as county auditor.

On the 6th of February, 1909, Mr. Chief Justice Pope granted an order, requiring the respondents to show cause, before the Supreme Court, why they should not be enjoined.

The respondent, L. I. Feagle, made return as follows:

"That he is the duly elected, qualified and commissioned county supervisor of the County of Newberry, State aforesaid, and that as such official, in connection with the county commissioners of said county, it is his duty, under the mandate of the law, to furnish the probate judge and county auditor of said county, and other county officials, office room, together with necessary furniture and stationery for the same, and that soon after this defendant entered upon his duties as county supervisor, as aforesaid, to wit, on the 30th day of January, 1909, the same being the first regular monthly meeting of the county board of commissioners recently commissioned, and of which board he is chairman, the matter of furnishing offices for the said probate judge and county auditor, came up for consideration and determination, and that at said meeting it was decided and adjudged by the said board that the room or office then, and now, in the possession of and occupied by said county auditor, in the new courthouse, should be the office for the probate judge, and that the room or office in the southeastern corner of said courthouse should be the room or office for the county auditor for said county. Of this action on the part of the said county board of commissioners the said county auditor, the plaintiff herein, was duly notified, and a day was appointed with him by this defendant for the removal of the books, records, furniture and other things pertaining and belonging to the office occupied by him to the office in the rear end of the building, as aforesaid; that at the time appointed and agreed upon by the plaintiff and this defendant for said removal this defendant, as county supervisor as aforesaid, was present and ready to carry, and demanded of the plaintiff to be allowed to carry, into execution said decision and judgment of the county board of commissioners, but he was prevented from so doing by the said county auditor, the plaintiff herein, obstructing said execution by locking the doors of the office occupied by him and by refusing to allow this defendant to

remove the books, records, furniture and other things pertaining and belonging to said office therefrom, and by the further obstruction on the part of the plaintiff by carrying the matter into Court and obtaining a temporary order of injunction."

The other respondent relied upon the facts set out in said return.

The petitioner introduced in evidence the following affidavit of George S. Mower, Esq.:

"That pursuant to the terms and provisions of an act of the General Assembly, of the State of South Carolina, entitled, 'An Act to Provide for the Erection of a New Courthouse in Newberry County,' approved the 17th day of February, 1906, deponent was appointed and constituted one of the commissioners of the commission to procure plans for and erect a new courthouse for Newberry county, and that upon the organization of the said commission he was elected chairman thereof, and Otto Klettner was elected secretary; that pursuant to the provisions of the said act the commission procured plans for the said building, and in said plans, as originally adopted, the office of the probate judge was to be the office now occupied by the county auditor and the county auditor was to occupy the room afterwards assigned to the probate judge; that thereafter, and before the completion of said building and just prior to letting the contract for the furnishings and equipment of the offices in said building, the commission was made aware of the fact that the original plan could not be carried out, on account of the fact that the office originally intended for the use of the county auditor was not sufficient or suitable office room for the accommodation of the county auditor, nor could the furniture and incidentals necessary to the proper transaction of the legitimate business of the county auditor be furnished in said office as originally planned; that the commission found that the office originally planned for the county auditor was sufficient and suitable office room for the

accommodation of the probate judge and was ample for the necessary furniture and incidentals to the proper transaction of the legitimate business of the probate judge; that thereupon the commission changed its original plans so that the county auditor was assigned to the office originally planned for the probate judge, and the probate judge was assigned to the office originally planned for the county auditor; that thereafter, and on the      day of July, 1908, the commission received a communication from Frank M. Schumpert, Esq., probate judge, asking, in effect, that the contemplated change be not made, and that he be allowed to occupy the office originally intended for him; this communication was received as information, and the request was not granted by the commission; that prior to said communication the said two office rooms so assigned by said commission had been equipped by the commission with furniture specially adapted to the needs of these respective officers, both in the office rooms and vaults or record rooms connected therewith, the latter being equipped with steel furniture designed and adapted for the use and needs of these respective officers."

Also the following affidavit of J. Monroe Wicker:

"That he was a member of the courthouse commission for the erection of a new courthouse for the County of Newberry, and at the time was also county supervisor for Newberry county, and as such was chairman of the board of county commissioners for Newberry county; that he has read the affidavit of George S. Mower, the chairman of the said courthouse commission, and that the matters and facts stated therein are true of his own knowledge.

"Deponent further swears that the offices as assigned to the respective county officers by the courthouse commission have all been occupied by the respective officers as assigned, with the exception of the office assigned to the probate judge; that all of said rooms and offices were assigned by the commission which designed and constructed the said

building, with the tacit consent and approval of the then board of county commissioners, the said board entering or offering no suggestions or objections whatsoever in the matter, as they believed that the courthouse commission knew more about the matter than they did."

Also, the following extract from the final presentment of the grand jury, dated 18th of March, 1909:

"After a thorough examination of the rooms in the new courthouse, we are convinced that the office originally intended for the auditor is unsuitable for occupancy by said officer, and recommend that he be allowed to retain the room in which he is at present located, and, furthermore, that the probate judge be required to occupy the vacant room, on the same floor, contiguous to and east of room occupied at present by said auditor, and that the room in the old courthouse, vacated by said officer, be put in such condition by the supervisor as to warrant its rental."

Section 3, of the act of 1906, 294, entitled, "An Act to Provide for the Erection of a New Courthouse for Newberry County," is as follows: "That said commission shall have the power and authority to provide for fire-proof rooms and vaults, with modern metallic furniture, for the safe-keeping of all public books and records of the county, in said new courthouse."

The "power and authority to provide for fire-proof rooms and vaults," did not authorize the commission to designate the room to be occupied by any particular officer.

That duty was imposed upon the county board of commissioners by Section 812 of the Code of Laws, which provides: "It shall be the duty of the commissioners to furnish the probate judge, auditor, school commissioner, clerk of court, sheriff, treasurer, and master in equity of their respective counties office room, together with the necessary furniture and stationery for the same, which shall be kept at the courthouse of their respective counties; and they shall also supply the offices of the said officials with fuel, lights,

postage and other incidentals as are necessary to the proper transaction of the legitimate business of the said officers."

"A board of county commissioners, or county supervisors, ordinarily exercise the corporate powers of the county. It is for all financial and ministerial purposes the county, and it is clothed with authority to do whatever the corporate or political entity the county might do if capable of rational action, except in respect to matters the cognizance of which is exclusively vested in some other officer or person. It is, in an enlarged sense, the representative and guardian of the county, having the management and control of its property and financial interest, and having original and exclusive jurisdiction over all matters pertaining to county affairs, and courts will not interfere with such boards, in the lawful exercise of the jurisdiction committed to them by law, on the sole ground that their actions are characterized by lack of wisdom or sound discretion." 11 Cyc., 388, 389.

"As a general rule, the care and management of all the property of a county is intrusted by statute to the board of county commissioners, and in all cases involving the location, erection, repair, removal or furnishing of county buildings, such as courthouses, jails and public offices, the board exercises a discretion which cannot be controlled by any judicial tribunal, in the absence of fraud, corruption or unfair dealing." 7 Enc. of Law, 996.

"It is the duty of the county to erect and furnish a courthouse, and to provide necessary offices for the several county officers. In performing this duty the county acts through its board of supervisors precisely as a private corporation acts through or by its directors, and the action of such board in providing 'suitable rooms for county purposes,' and in designating the particular rooms which shall be occupied by the different officers, is the act of the county, and this power is not exhausted when once exercised, but is a continuing one, and the assignment of offices may be

changed whenever, in the judgment of the board, public convenience will be promoted by a change. The authority to provide 'suitable rooms for county purposes' necessarily carries with it the power to designate the room which is suitable for the transaction of any particular part of the public business, and, as below stated, is intrusted by law to the judgment and discretion of the board of supervisors, and the Judge of the Superior Court has no more right to select the particular room in the courthouse which he will occupy as his chambers than has the clerk or the sheriff to choose the room which he will occupy as his office. The law certainly confers no authority upon him, to take possession of any room in the courthouse for his chambers when such room has been assigned by the board of supervisors to any other county officer. The power of the board is necessarily exclusive." *San Jonquin* v. *Budd,* 96 Cal., 47, 52.

The presentment of the grand jury was without binding effect upon the county board of commissioners. *State* v. *Com. of Public Buildings,* 12 Rich., 300.

These authorities show conclusively that the petitioner is not entitled to relief.

It is, therefore, the judgment of this Court that the petition be dismissed with costs.