[Civ. No. 5128.  First Appellate District, Division One.—October 16, 1925.]

## C. H. HANSON et al., Appellants, v. THE BOARD OF TRUSTEES OF THE TOWN OF MILL VALLEY (a Municipal Corporation) et al., Respondents.

[1] STREET LAW — LEVY OF SPECIAL TAX—EVIDENCE- -PLEADING.—In an action against a board of trustees of a town to have declared void street improvement proceedings and to enjoin further action thereunder, the fact of the levy of a special tax, as alleged in the complaint, on the assessable property in the town for the purpose of paying for any lands which might be purchased by the town at a delinquent sale of any property subject to the assessment for the proposed improvement, would be material, if at all, only as evidence tending to show a consciousness or belief on the part of the trustees that the benefits which might be derived from the proposed improvement would be less than the cost of construction, and, such fact appearing, that they abused their discretion in making the order therefor; and the allegations in the complaint setting forth the history of other assessment districts were likewise of facts having a possible probative value for the same purpose, but, being allegations of probative and not of ultimate facts, were properly stricken from the complaint.

[2] ID.—MAPS — EVIDENCE.—In such action, evidence of a map prepared by a draftsman called as a witness for the plaintiffs, which purported to be a copy of certain maps, testified by a witness to have been found in the office of the town clerk, of certain improvement districts within the town other than the district in question, was properly excluded, where no competent preliminary proof of the official character of the maps found was offered.

[3] ID.—DECLARATIONS OF TRUSTEE—ADMISSIBILITY OF.—In such action, objection to the introduction of declarations by a trustee, as to the policy and intentions of the board with reference to the improvement in question, not made while acting in the course of his duties as such, was properly sustained.

[4] ID. — NONPAYMENT OF OTHER ASSESSMENTS—EVIDENCE.—In such action, the testimony of the town clerk as to delinquencies in payment and sales of lands for the nonpayment of assessments in districts other than the one in question, offered, as stated by counsel for the plaintiffs, for the purpose of showing that the members of the board "expected people to lose their property, and they

1.  See 21 Cal. Jur. 20.
2.  See 10 Cal. Jur. 895.

make provision for it in advance," was irrelevant for any purpose, and an objection was properly sustained on that ground.

[5] ID.—EFFECT OF IMPROVEMENT ON LAND VALUES — HEARSAY.—In such action, an objection to the offered testimony of one of the plaintiffs as to inquiries made by her of various dealers in real estate as to the effect of the improvement upon land values within the assessment district, and which clearly would have been hearsay, was properly sustained.

[6] ID. — BENEFITS—OPINION OF REAL ESTATE DEALER.—In such action, in the absence of allegations that no benefits would accrue to plaintiffs' land by reason of the improvement, or that the evidence presented in support of plaintiffs' protest constituted all the evidence on which the board acted in making its order for such improvement, the opinion of a real estate dealer of the town that the effect of the proposed improvement would be to depreciate property values within the district, was irrelevant and immaterial, and defendants' objection on that ground was properly sustained.

[7] ID.—BENEFITS—DETERMINATION BY BOARD—FRAUD—DISCRETION.—Where an assessment district is formed to pay the cost of improvements the determination by the trustees of a municipality that the property included in the district will be specially benefited is conclusive in the absence of fraud or such an abuse of discretion as is equivalent to fraud; and the absence of benefit cannot be a judicial question unless the fact found by the board be unsupported by evidence, nor does the validity of the proceedings depend upon the ability to show that the benefits to the property included therein will be identical with the burdens.

---

(1) 31 Cyc., p. 49, n. 68, p. 640, n. 20. (2) 22 C. J., p. 1043, n. 48. (3) 22 C. J., p. 392, n. 98. (4) 22 C. J., p. 162, n. 70. (5) 22 C. J., p. 199, n. 36, p. 214, n. 42, p. 215, n. 47. (6) 31 Cyc., p. 680, n. 69. (7) 28 Cyc., p. 1022, n. 26, p. 1122, n. 17, 18, p. 1128, n. 84, p. 1168, n. 65, 66.

APPEAL from a judgment of the Superior Court of Marin County. Edward I. Butler, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. J. Gillespie and E. B. Mering for Appellants.

Daniel V. Marceau and H. C. Symonds for Respondents.

---

7. See 19 Cal. Jur. 162.

CASHIN, J.—An action was brought by C. H. Hanson and Lucretia K. Hanson, appellants herein, against respondents R. C. Ward, W. H. Derr, C. E. Hatch, O. C. Cappelman, and R. L. Hemingway, who were on December 11, 1923, the members of the Board of Trustees of the Town of Mill Valley, a municipal corporation of the sixth class, and Frank C. McIntire, the contractor for the work of constructing certain improvements hereinafter mentioned, to have declared void the proceedings leading to the award of a contract therefor and to enjoin further action thereunder.

Respondent Board on December 11, 1923, adopted a resolution of intention to order certain work to be done and improvements to be made in the grading and paving of certain streets within the town in accordance with plans and specifications therefor adopted on the same date, the expense of the improvement, as provided in the resolution, to be charged upon a district thereby created, declared therein to be benefited by the improvement and to be known as Assessment District No. Six, it being therein provided that the proposed work should be done pursuant to the act known as the Improvement Act of 1911 (Stats. 1911, p. 730), and amendments thereto, and therein fixed a day on which objections to the proposed improvement might be made and of which due and legal notice was given.

On the day fixed appellants, who were the owners of a certain lot within the assessment district, filed in writing their objections to the proposed improvement. Thereafter at an adjourned meeting respondent Trustees overruled the objections and ordered the improvement to be made in accordance with the resolution of intention. A contract was thereafter entered into with respondent McIntire for the construction thereof, and the action mentioned was brought, appellants alleging therein that the Trustees failed to consider the objections made, acted contrary to and against the evidence, that their order overruling such objections was an abuse of discretion in that they "well knew and believed that the benefit derived from such improvement would be far less than the assessment to be imposed."

Certain portions of the complaint having on motion been stricken therefrom, respondents answered, denying the allegations mentioned above, and upon the trial of the action a judgment of nonsuit was entered, from which the appeal herein was taken.

Appellants contend that the order striking out the portions of the complaint mentioned and hereinafter considered was improper, and that the trial court erred in sustaining objections to the introduction of certain evidence offered by appellants at the trial of the action.

The portions of the complaint stricken therefrom were as follows: An allegation that respondent Board, having in view of the improvements contemplated, ordered a special tax of ten cents on each one hundred dollars of assessable property in the town for the purpose of paying for any lands which might be purchased by the town at a delinquent sale of any property subject to assessment for the proposed improvement; that such tax was irregular in that it was an inducement held out to bidders to enter into contracts for doing the proposed work; certain allegations describing the location and the character of the population of the town, the history and the effect upon values of other previous assessments and assessment districts made and created therein by its Board of Trustees, which did not include or affect the lands involved in the present proceeding; alleging hardships and losses suffered by the owners in said districts; describing specifically certain property included therein with the names of the owners thereof, and in detail the individual experiences of such owners in selling or attempting to sell their lands after the completion of such improvements.

[1] The fact of the levy of the special tax mentioned would be material, if at all, only as evidence tending to show a consciousness or belief on the part of the Trustees that the benefits which might be derived from the proposed improvement would be less than the cost of construction, and, such fact appearing, that they abused their discretion in making the order therefor; and the allegations setting forth the history of other assessment districts were likewise of facts having a possible probative value for the same purpose, but, being allegations of probative and not of ultimate facts, were properly stricken from the com-

plaint. (*Bowen* v. *Aubrey,* 22 Cal. 566; *Harris* v. *Hillegass,* 54 Cal. 463; *County of San Joaquin* v. *Budd,* 96 Cal. 47 [30 Pac. 967]; *Ahlers* v. *Smiley,* 11 Cal. App. 343, [104 Pac. 997].)

[2] At the trial there was offered a map prepared by a draftsman called as a witness for the appellants, which purported to be a copy of certain maps, testified by the witness to have been found in the office of the town clerk, of certain improvement districts within the town other than the district in question. No competent preliminary proof of the official character of the maps found was offered; and though the map prepared by the witness was allowed by the court to be referred to in his testimony, an objection on the ground stated above was properly sustained to its introduction in evidence.

[3] Appellants offered the testimony of certain witnesses, to which objections were sustained by the court, and in the rulings thereon appellants contend that the court erred. Respondent Cappelman was asked to testify as to declarations made by him at a public meeting held prior to the adoption of the resolution of intention mentioned above, not a meeting of the Board, as to the policy and intentions of the Board with reference to the improvement here involved. Objection to the offered testimony, on the ground that neither the town nor the Board could be bound by declarations by a trustee not made while acting in the course of his duties as such, was properly sustained.

[4] Objection was sustained to the testimony of the town clerk as to delinquencies in payment and sales of lands for the nonpayment of assessments in districts other than the one in question, offered, as stated by counsel for the appellants, for the purpose of showing that the members of the Board "expected people to lose their property, and they make provision for it in advance." The facts sought to be shown, as well as the offered evidence, were irrelevant for any purpose, and an objection was properly sustained on that ground.

[5] An objection to the offered testimony of appellant Lucretia K. Hanson as to inquiries made by her of various dealers in real estate as to the effect of the improvement upon land values within the assessment district, and which clearly would have been hearsay, was properly sustained.

[6] Appellants further sought to show by the testimony of a real estate dealer of the town that the effect of the proposed improvement would be to depreciate property values within the district. It was not alleged that no benefits would accrue to appellants' land by reason of the improvement, or that the evidence presented in support of appellants' protest constituted all the evidence on which the Board acted in making its order. In the absence of such allegations the opinion of a witness as to the effect of such improvement would be irrelevant and immaterial, and respondents' objection to the testimony on that ground was properly sustained.

[7] Where an assessment district is formed to pay the cost of improvements the determination by the trustees of a municipality that the property included in the district will be specially benefited is conclusive in the absence of fraud or such an abuse of discretion as is equivalent to fraud (*Beale* v. *City of Santa Barbara,* 32 Cal. App. 235 [62 Pac. 657]); and the absence of benefit cannot be a judicial question unless the fact found by the Board be unsupported by evidence (*Duncan* v. *Ramish,* 142 Cal. 686, [76 Pac. 661]), nor does the validity of the proceedings depend upon the ability to show that the benefits to the property included therein will be equivalent to the burdens (*Lent* v. *Tillson,* 72 Cal. 404 [14 Pac. 71]; *Federal Construction Co.* v. *Ensign,* 59 Cal. App. 200 [210 Pac. 536]; *Larsen* v. *San Francisco,* 182 Cal. 1 [186 Pac. 757]).

In the instant case no evidence was adduced in support of the allegation of the complaint that the Board failed to consider appellants' protest; nor could there be fairly or reasonably drawn from the evidence offered and admitted the conclusion that the Board abused its discretion in making its order; and it appearing that the court did not err in its rulings in the instances urged by appellants and hereinbefore considered the judgment should be affirmed, and it is so ordered.

Tyler, P. J. and Knight, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 14, 1925.