## PORTER v. FISHER.

### No. 18,108; November 8, 1893.

#### 34 Pac. 700.

**Brokers — Parol Contract — Divisibility.**—Though, under Civil Code, section 1624, a parol contract employing a broker to sell land is invalid, a broker employed to sell or exchange land, and the personalty thereon, under an agreement for a commission of five per cent on the price may, on bringing about an exchange, recover five per cent on a separate valuation placed on the personalty by the principal,

though in the exchange, as between the parties thereto, there may have been no division of the consideration, as the contract, in such case, is divisible, and that part as to the land is not unlawful, but merely incapable of enforcement.

Brokers — Parol Contract — Divisibility. — It is immaterial whether the separate valuation was placed on the personal property by the principal before or after the exchange, or to whom he made the statement as to the valuation, since it is an admission that the personal property was exchanged at such valuation, so that its price can be separated from the gross sum involved in the exchange.

APPEAL from Superior Court, Fresno County; M. K. Harris, Judge.

Action by G. L. Porter against S. C. Fisher. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Goucher, Jacobs & Jacobs (Oregon Sanders of counsel) for appellant; Nourse & Short for respondent.

HAYNES, C.—Porter, as assignee of one Abbott, brought suit against appellant on several causes of action, among which was one for the sum of $2,500, as commissions claimed to have been earned by Abbott in effecting a transfer of property between appellant Fisher and one J. A. Baxter. The property Fisher conveyed and transferred to Baxter consisted of two hundred and eighty acres of land in Tulare county, together with stock and personal property of a large amount; and the property conveyed and transferred by Baxter to Fisher was one hundred and seven acres of land at Byron, Contra Costa county, together with all the personal property thereon. Abbott claimed that he was employed by Fisher as a broker to sell or exchange his said property, real and personal, and for which he was to receive a commission of five per cent. His employment, however, as such broker, was not in writing. The cause was tried before the court and a jury, and plaintiff, as assignee of Abbott, recovered on account of the said commissions the sum of $1,000. The gross recovery by the plaintiff was for a larger sum, but no controversy is made here, except as to the recovery of said $1,000. The appeal is from the judgment and order denying a new trial. Respondent concedes that no recovery can be had for commis-

sions upon the sale or exchange of the real estate, but contends that the contract for commissions is divisible; that the price of Fisher's real estate was estimated in the exchange at $30,000 and the price of the personal property at $20,000; and that he is entitled to recover commissions upon the price of the personal property at the agreed percentage, notwithstanding his contract, so far as the real estate is concerned, was void. The complaint alleges that the commissions were earned by Abbott as agent and broker for the defendant "in the sale, exchange, and transfer of certain real and personal property to one J. A. Baxter, which said real and personal property was sold, exchanged and transferred to said Baxter for the agreed price and consideration of $50,000, being $30,000 for real property so exchanged and transferred, and $20,000 for the personal property so exchanged and transferred; that the defendant agreed to pay to G. Frank Abbott, for his services as his agent and broker in selling and disposing of said property, five per cent commission on the price thereof, to wit, $2,500." As between Fisher and Baxter, the parties to the trade, there appears to have been no separation of prices between the real and personal property of the defendant alleged in the complaint. It is also evident from the statements of the complaint that the undertaking of Abbott was to sell or exchange the real and personal property of Fisher. Appellant contends that the contract was entire, and is not divisible; that as the agreement to pay commissions upon the real estate was void—not being in writing—there can be no recovery of any part or portion of the commissions.

As between Baxter and Fisher, the parties to the exchange, the testimony does not show such division of the consideration as to clearly make the contract apportionable, as between them. The question, however, arises between one of the parties to the exchange and the broker or agent who made the exchange; and we see no reason why a recovery should not be had for commissions upon the sale of the personal property, if the amount or price thereof can be ascertained with reasonable certainty. The contract set out in the complaint alleges the broker's compensation to be a percentage of the price of the property sold or exchanged; that is, five per cent—five cents on each dollar of such price. If, therefore, the price of the personal property can be separated from the price of the real

estate, the illegality attaching to the contract, so far as the real estate is concerned, does not, we think, necessarily attach to the remainder of the consideration. Section 1624 of the Civil Code merely declares that a contract or agreement authorizing or employing an agent or broker to purchase or sell real estate for a compensation or a commission is "invalid" unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged or by his agent. It is not a contract which is malum in se, nor is it malum prohibitum. It is merely an invalid contract, or one incapable of enforcement.

In the case of Jackson v. Shawl, 29 Cal. 272, a pawnbroker charged upon a loan, secured by a pledge, interest at the rate of seven per cent per month. A statute then in force provided, in effect, that a pawnbroker shall not charge a greater rate of interest on loans exceeding $20 than four per cent a month in advance. The plaintiff tendered the $500 loaned, and interest at the rate of four per cent. The court said: "Here the contract between the parties was legal as to the principal sum, but illegal as to the interest. The two things were not inseparable," and, quoting from authorities, further said: "When the transaction is of such a nature that the good part of the consideration can be separated from that which is bad, the courts will make the distinction, for the common law doth divide according to common reason, and, having made that void that is against law, lets the rest stand. The general and more liberal principle now is that when any matter, void even by statute, be mixed up with good matter, which is entirely independent of it, the good part shall stand, and the rest be void." In Treadwell v. Davis, 34 Cal. 601, 94 Am. Dec. 770, it was held (syllabus) : "Where a contract consists of two distinct parts, which are readily severable, and not in any material sense dependent on each other—one part being valid and the other void—the rule is to enforce that part of the contract which is valid": See, also, Granger v. Mining Co., 59 Cal. 678. In More v. Bonnet, 40 Cal. 254, 6 Am. Rep. 621, it was said: "No precise rule can be laid down for the solution of the question whether a contract is entire or separable, but it must be solved by considering both the language and the subject matter of the contract." The cases above cited go further than is required in this case, because the contracts

there considered were, as to some part, at least, unlawful; but it is not unlawful for a broker or agent to act upon a verbal authority or request, in making a purchase or sale of real estate for another. He may lawfully do so, and incurs no penalty for the doing of it. He simply relies upon the willingness of his principal for the payment of his commissions, and cannot compel payment. Section 1599 of the Civil Code provides: "Where a contract has several distinct objects, of which one at least is lawful and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest."

Appellant, in his brief, in referring to the testimony of Mr. Abbott, says that he testified that: "Mr. Fisher placed a value upon the real estate and personal property separately. He placed a value on the stallion at $8,000; on the rest of the personal property, $12,000; making $20,000 for the personal property, and $30,000 for the real property," but insists that it does not appear when Mr. Fisher placed this value upon the real and personal property separately, whether it was before or after the trade, nor whether he made the statement to Abbott, or to some one else, nor that the witness contracted with reference to any such estimate, or with reference to the personal property separately. We think it makes no difference when the defendant placed the separate values on the real and personal property, nor to whom he stated such values. It was an admission upon his part that the personal property was exchanged at the price or value of $20,000, and that, therefore, the price of the personal property was capable of separation from the gross sum involved in the exchange. Mr. Baxter, a witness for plaintiff, testified: "I gave Mr. Fisher a deed for my one hundred and seven acres of land at Byron, Contra Costa county, together with all the personal property on my place, in return for which Mr. Fisher gave me a deed of his two hundred and eighty acres of land in Tulare county, together with stock and personal property, which personal property he estimated to be worth about $20,000. The full valuation of land and personal property I took on a basis of $50,000, which was the valuation set upon it by Mr. Fisher." This testimony corroborates that of Mr. Abbott—that the price of the personal property was capable of being ascertained, and was estimated in the exchange; and while the defendant

claimed upon the trial that the value of both properties was very much less than the price put upon them at the time of the exchange, it was competent for the jury to determine whether such price of the personal property was ascertainable from the evidence, and to fix the price thereof. If the contract had been for a commission upon what Fisher received for his property, a different question would have been presented, and the actual value of the Baxter property would have been involved. But even in that case the separate estimates placed by Fisher upon his real and personal property would have been competent to show the proportion of the entire value of the Baxter property, which was given in exchange for defendant's personal property. The jury must have found the contract to have been as alleged in the complaint, and the estimate of value placed upon his personal property by the defendant could properly be taken as the price referred to in the contract for commissions.

Other questions are made in the record upon exceptions to evidence and to the instructions given to the jury, the more important of which relate to the question above considered, and our conclusion thereon is conclusive of these exceptions. We think the judgment and order appealed from should be affirmed, and so advise.

We concur: Vanclief, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.