· [S. F. No. 1328. Department One.—February 7, 1900.]

### ABBIE B. REED, as Executrix, etc., Respondent, v. S. R. JOHNSON, Appellant.

APPEAL FROM JUDGMENT—REVIEW, WHEN LIMITED TO JUDGMENT-ROLL.—
Upon appeal from a judgment taken more than sixty days after the rendition thereof, the case must be reviewed upon the judgment-roll alone, without reference to the question whether the evidence was sufficient to support the findings and judgment or not.

ESTATES OF DECEASED PERSONS — ACTION UPON NOTE BY EXECUTOR—
COUNTERCLAIM—SHARE OF DECEDENT'S INDEBTEDNESS TO CORPORA-
TION.—In an action upon a note of the defendant to the decedent brought by the administrator, the defendant cannot offset, by way of counterclaim, his alleged share in an indebtedness of the decedent to a corporation formed by them as partners, for which alleged indebtedness no claim was presented against the estate.

ID.—PLEADING OF COUNTERCLAIM — BURDEN OF PROOF — APPEAL FROM
JUDGMENT — FAILURE TO FIND UPON ISSUE — PRESUMPTION.—The alleged matter of counterclaim was deemed controverted by

the plaintiff, and the burden of proof was upon the defendant to establish it; and upon an appeal from the judgment, where the evidence cannot be reviewed, it must be presumed, in favor of the judgment and against error therein, that a failure to find upon the issue as to the counterclaim was not prejudicial to the appellant, and that a finding thereon, if made, would be adverse to the appellant.

APPEAL from a judgment of the Superior Court of Santa Clara County.   W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

J. H. Campbell, for Appellant.

The counterclaim alleges that the estate of the decedent is insolvent, and this is a reason for sustaining the setoff.   (2 Story's Equity Jurisprudence, sec. 1437a; Waterman on Setoff, sec. 395 et seq.; 22 Am. & Eng. Ency. of Law, notes 218; *Naglee v. Palmer*, 7 Cal. 543; *Russell v. Conway*, 11 Cal. 93; *Howard v. Shores*, 20 Cal. 278; *Hobbs v. Duff*, 23 Cal. 596; *Doane v. Walker*, 101 Ill. 628; *Hall v. Kimball*, 77 Ill. 161; *Littlefield v. Albany Co. Bank*, 97 N. Y. 581; *Clark v. Sullivan*, 13 L. R. Ann. 233, note, and cases cited.)   The failure to find upon the allegations of the counterclaim is ground of reversal.   (*Traverso v. Tate*, 82 Cal. 170; *Bosquett v. Crane*, 51 Cal. 505; *Roeding v. Perasso*, 62 Cal. 515; *Taylor v. Reynolds*, 53 Cal. 686; *Baggs v. Smith*, 53 Cal. 88.)

Charles Wesley Reed, and Archer & Archer, for Respondent.

The counterclaim cannot be maintained for want of allegation of presentation of claim against the estate.   (Code Civ. Proc., sec. 1500; *Quinn v. Smith*, 49 Cal. 165; *Bank of Stockton v. Howland*, 42 Cal. 132; *Hentsch v. Porter*, 10 Cal. 555, 562.) The counterclaim does not allege the appointment of an executrix.   (*Judah v. Fredericks*, 57 Cal. 389; *Preston v. Knapp*, 85 Cal. 565.)   The counterclaim exists in favor of the corporation, and not in favor of a party to the record.   The defendant cannot sue thereon.   (*Duff v. Hobbs*, 19 Cal. 660; *Lyon v. Petty*, 65 Cal. 325; *Howard v. Shores*, 20 Cal. 278, 282; *Chase v. Evoy*, 58 Cal. 354.)   The claim of the corporation was unsettled.   No unsettled and indefinite claim in favor of a corporation or part-

nership can be allowed as a counterclaim. (*Wood v. Brush*, 72 Cal. 224; *Fisher v. Sweet*, 67 Cal. 228.) The creditors and other stockholders have an interest in the assets of the corporation (Thompson on Corporations, sec. 1569), and the joint interest of the defendant therein with them is not the subject of setoff in an action at law upon his individual note. It is well settled that joint and separate debts cannot be set off against each other at law. (*King v. Wise*, 43 Cal. 635; *Hook v. White*, 36 Cal. 299; *Howard v. Shores, supra.*)

VAN DYKE, J.—The judgment in this case was entered April 20, 1897. Subsequently, defendant moved for a new trial on a bill of exceptions, which was denied. Thereupon the defendant appealed from the judgment and from said order denying a new trial, January 4, 1898. The appeal from the order was dismissed April 4, 1898, and a rehearing denied April 30, 1898.

The appeal from the judgment having been taken more than sixty days after the rendition thereof, it must be considered and determined upon the judgment-roll alone, without reference to the question whether the evidence was sufficient to support the findings and the judgment or not. (Code Civ. Proc., sec. 930, subd. 1.)

The action is founded upon a promissory note made by the defendant to C. W. Reed, deceased, dated October 6, 1894, for the sum of $3,661.89. The complaint admits certain payments having been made on said note and demands judgment for the balance claimed to be due in the sum of $1,884.89, together with interest and costs. The answer by way of counterclaim avers that said Reed and the defendant were partners in business, and that on or about the first day of January, 1894, they organized, under the laws of this state, a corporation known and designated as the C. W. Reed Company. That C. W. Reed, at divers times, between August, 1894, and the 1st of March, 1896, obtained and appropriated to his own use money of the C. W. Reed Company, aggregating $7,889.85, and that at the death of Reed, March 19, 1896, he was indebted to the said company in the sum of $5,755.50, and to the defendant in the sum of $2,877.75. That the said Reed and the defendant were equal

partners in the former partnership firm and also in the C. W. Reed Company. And it is asked that the amount alleged to be due the C. W. Reed Company and the defendant from the late C. W. Reed "be allowed as a counterclaim herein, and that this defendant have judgment for the balance in his favor."

There is no averment in the counterclaim that either the alleged demand due the C. W. Reed Company or the defendant was ever presented for allowance to the executrix of the estate of said Reed, deceased.

The court found in accordance with the allegations of the complaint, and judgment was ordered and entered for the sum of $2,081.29, the balance due on the note in question. And "further finds that the answer of defendant constitutes no defense or counterclaim in this action."

The main contention on the part of the appellant is that the court failed to find on the issues raised by the affirmative matter contained in the answer.

The statement of new matter constituting the alleged counterclaim, on the trial, was deemed controverted by plaintiff (Code Civ. Proc., sec. 462), and the burden was therefore upon the defendant to prove such affirmative matter.

The appellant is not prejudiced unless the court has failed to make such findings in his behalf as would countervail the other findings in favor of the plaintiff; and, as error in the court below is not to be presumed, but must be shown by the appellant, if the omitted findings must have been adverse to the appellant, their omission is not error sufficient to authorize reversal. (*Hutchings v. Castle,* 48 Cal. 156; *Himmelman v. Henry,* 84 Cal. 104; *Winslow v. Gohransen,* 88 Cal. 450; *F. A. Hihn Co. v. Fleckner,* 106 Cal. 95.)

The point under consideration, therefore, must be determined adversely to the appellant. If, however, findings had been made in accordance with the allegations of the counterclaim, they would not have had any legal effect upon the right of the plaintiff to the judgment sought by her.

The judgment is affirmed.

Garoutte, J., and Harrison, J., concurred.