[Civ. No. 421.   First Appellate District.—March 23, 1908.]

HENRY GERTH, Respondent, v. ANNIE GERTH, Appellant.

CLAIM AND DELIVERY BY PAYEE OF NOTES—PART PAYMENT BY GUARDIAN OF INCOMPETENT PERSON—PARTIES—ACCOUNTING WITH WARD.—In an action of claim and delivery by the payee of notes, who has the right of custody thereof, as against the guardian of an incompetent ward, who was maker of part of the notes, and had no interest or right of possession in any of them, the ward, a part of whose money, while incompetent, the guardian had applied as part payment on his notes, was not required to be made a party to such action merely because, in the matter of an accounting between the guardian and the ward, the latter had objected to the payments made on his notes, which was a matter to be determined by the court having jurisdiction of the guardianship.

ID.—CLAIM OF INTEREST IN NOTES—FAILURE TO FIND—ABSENCE OF EVIDENCE.—A claim of interest on the notes by the defendant as her separate property, where there is an entire absence of evidence in the record to support a finding thereupon, does not require a finding. A judgment will not be reversed for failure to find upon a material issue, if the finding must have been adverse to the appellant, and the findings as made support the judgment.

ID.—VALUE OF NOTES IMMATERIAL—MOOT QUESTION.—Where the notes were deposited with the clerk of a trial court, for delivery to plaintiff if the judgment shall be affirmed, the court in affirming the judgment will not inquire into the value of the notes, which has become a mere moot question.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Rogers, Bloomingdale & Free, for Appellant.

Samuel G. Tompkins, for Respondent.

HALL, J.—This is an appeal by defendant from a judgment rendered against her for the possession of certain promissory notes, and from the order denying her motion for a new trial.

The point principally relied upon by appellant concerns the action of the trial court in denying a motion made by defendant to have one Andrew Gerth, the maker of some of the notes sued for, made a party to the action.

The action is in claim and delivery, wherein plaintiff prays for judgment for the possession of five certain promissory notes, or in the event that possession thereof cannot be given, for the value thereof.

Three of the notes sued for were executed by the said Andrew Gerth, and all are in terms payable to plaintiff. Defendant set forth in her affidavit used on her said motion the fact that she had been the guardian of said Andrew Gerth during a time that he was incompetent, and while such guardian, and while she had possession of the said notes, certain moneys belonging to said Andrew Gerth had come into her possession, which she had applied on certain of the said notes payable by him; that she had filed her accounts as such guardian, showing such application of said moneys, and that said Andrew Gerth had filed objections thereto, which said accounts and objections were pending in the superior court of Santa Clara county, unsettled and yet unheard. She did not claim that she had accounted to plaintiff for any of the money of Andrew Gerth which she claimed to have applied on the said notes.

Under the circumstances the court did not err in refusing to make Andrew Gerth a party to the action. The action was brought by plaintiff, the payee of the notes, to recover the possession thereof from defendant. Andrew Gerth claimed

no interest in the notes or any right to the possession of them or of any of them. His only claim was that defendant had no right to apply any of his money in payment of said notes, or had not in fact made any such application. This was a matter to be settled between him and her in the court having jurisdiction of the guardianship proceeding. No matter how it should be settled, its proper settlement could not affect plaintiff's right to recover possession of the notes from defendant.

At the outset of the oral argument upon this appeal appellant conceded that the evidence supported the finding as to the ownership and right of possession of the notes being in plaintiff. Upon delivery of the notes to plaintiff and payment of the costs the judgment in this case against her will be fully satisfied. It was admitted at the oral argument that the notes not only can be delivered, but that they had been placed in possession of the court to be delivered to plaintiff if the judgment be affirmed.

Neither in her affidavit nor in her evidence does she claim to have ever accounted to plaintiff for any money that she may have received or applied on the Andrew Gerth notes, and plaintiff in this action is not seeking to recover of her any money that she may have received on the Henry Gerth notes. We think the court properly denied appellant's motion to have Andrew Gerth made a party to this action.

Appellant also makes the point that the court erred in not finding upon the issues presented by the allegations in her answer, that the consideration for which the notes were given consisted in part of separate property of defendant, and that there was an agreement between plaintiff and defendant that she should hold, manage and control said notes. We are not pointed to any evidence in the record that would have sustained any finding upon either of these issues favorable to appellant. Upon the contrary, all the evidence in the record is the other way. It is not pretended that the findings as made do not support the judgment.

A judgment will not be reversed for failure to find upon a material issue, if the omitted finding must have been adverse to appellant. (*People* v. *Center*, 66 Cal. 551, [5 Pac. 263, 6 Pac. 481]; *Hutchings* v. *Castle*, 48 Cal. 152. See, also, *Hihn Co.* v. *Fleckner*, 106 Cal. 95, [39 Pac. 214]; *Rogers* **v.**

7 Cal. App.—47

*Duff,* 97 Cal. 67, [31 Pac. 836] ; *Himmelman* v. *Henry,* 84 Cal. 104, [23 Pac. 1098] ; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504].)

We do not think it necessary to examine the evidence for the purpose of ascertaining whether or not the court may have found the value of the notes to be greater than the evidence warrants. It was admitted at the oral argument that appellant has deposited all the notes with the clerk of the trial court for delivery to plaintiff if the judgment shall be affirmed. It is therefore of no consequence to either plaintiff or defendant as to what the value of the notes may be. The question of value has become a moot question.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.