[Civ. No. 2847.   Second Appellate District, Division One.—April 28, 1920.]

## HOGUE-KELLOGG COMPANY (a Corporation), Respondent, v. J. S. BAKER, Appellant.

[1] CONTRACTS—SALE OF CROP TO BE GROWN.—A valid contract may be made for the sale of a crop to be grown in the future by the vendor where such vendor possesses the land upon which the crop is to be grown.

[2] ID.—CONSTRUCTION OF—PASSING OF TITLE.—A provision that such contract shall pass title and constitute an absolute sale, with a risk on the grower for loss or damage until delivery, will be construed to mean only that title should be deemed to pass whenever the produce becomes a growing crop. It is competent for the parties to so contract.

[3] ID.—SECTION 1141, CIVIL CODE, APPLIED.—Assuming that the provision that such contract should pass title is void, it will not vitiate the main contractual obligation imposed upon the seller, which is to grow and deliver the crop, but in that case section 1141 of the Civil Code, which declares when title is transferred by an executory agreement for the sale of personal property, is applicable.

[4] ID.—LIABILITY OF BUYER FOR PURCHASE PRICE — MUTUALITY OF CONTRACT.—Such a contract requiring the seller to grow and deliver a certain crop is not lacking in mutuality where its terms are sufficient to enable him, if he produces a crop and offers it to the buyer and the latter refuses to accept it, to enforce the term of the contract which provides for the payment of the purchase price agreed upon.

[5] ID.—ACTION FOR BREACH — ALLEGATION OF DAMAGE — VALUE OF CROP.—In an action by the purchaser against the seller for damages for breach by the latter of a contract to grow and deliver a certain crop of beans, an allegation in the complaint of the price at which the plaintiff "might have bought" beans in the market at the time delivery from defendant was due is insufficient as an allegation of damage, as it is not an allegation of the valuation of the beans to the plaintiff or the market value thereof.

[6] ID.—PLEADING — DAMAGES — SUFFICIENCY OF COMPLAINT.—In such an action, the plaintiff, after alleging the making of the contract,

1.  Sale or mortgage of future and growing crops, notes, 23 L. R. A. 449; L. R. A. 1917C, 8.

4.  Mutuality of obligation where one party's obligation is not definite and certain, note, 1 L. R. A. (N. S.) 445.

the terms thereof, and the breach committed by the defendant, is not required to plead the particulars as to why and how he has been damaged, but may allege generally that by reason of the failure and refusal of the defendant to grow and deliver the crop in question he had been damaged in a given sum.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. Ardis and W. S. Knott for Appellant.

Fred N. Arnoldy for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of the plaintiff upon an alleged cause of action for damages arising because of defendant's failure to perform the obligations imposed by written contract.

The case went to judgment after answer and trial. The only contention made by appellant, however, is that the court erred in overruling his demurrer, which was interposed to the complaint of plaintiff. It is insisted that the complaint failed to state facts sufficient to constitute a cause of action. The contract for the breach of which plaintiff sought damages is set out in the complaint and is as follows:

"J. S. Baker of Norwalk, California, does hereby agree to grow for The Hogue-Kellogg Compăny, of Ventura, California, 20 acres of Henderson Bush beans, to be grown during the farming season of 1917, on land situated near Norwalk, Calif., known as Baker ranch, and to deliver the entire crop product thereof. The beans are to be delivered as soon as possible after threshing, properly recleaned, free from damage of any kind, in first-class shipping condition, sacked in new bean bags to be even weighted and so stenciled, f. o. b. cars at Buena Park, Calif.

"The Hogue-Kellogg Company agrees to pay for said beans on net weight at $4.25 dollars, per hundred pounds, delivered f. o. b. cars at Buena Park, Calif., on or before December 1st, 1917. And in case delivery is not made within the final time limit, it is optional with the Hogue-Kellogg Company to consider this contract in force or to cancel same.

"In case it rains, damaging the beans, said beans shall be handpicked and put in the condition as above stated.

"It is mutually agreed that The Hogue-Kellogg Company will sell seed beans for planting the above acreage at the rate of $4.25 dollars per hundred pounds, f. o. b. Ventura, Calif., payment to be made when the crop is delivered.

"This contract is understood by both parties to pass title and constitute absolute sale, but until delivery has been completed grower agrees to and does assume all risk of loss or damage. Time is the essence of this contract and any controversy arising under this contract is to be settled by arbitration; each party hereto to select one arbitrator and the two jointly to select a third, the decision of a majority of said arbitrators to be final and binding on both parties."

Appellant insists that the contract was invalid because it contemplated a completed sale of property not in existence, and that it is void for want of mutuality. The third point made has to do with the sufficiency of the allegations in the complaint affecting plaintiff's alleged damages. [1] It is well-settled law that a valid contract may be made for the sale of a crop to be grown in the future by the vendor where such vendor possesses the land upon which the crop is to be grown, for in such case it appears that the needful thing out of which the crop is to be produced is in existence, and hence the crop has legal potentiality. (*Arques* v. *Wasson*, 51 Cal. 620, [21 Am. Rep. 718]; *Cutting Packing Co.* v. *Packers' Exchange*, 86 Cal. 574, [21 Am. St. Rep. 63, 10 L. R. A. 369, 25 Pac. 52]; Benjamin on Sales, 7th ed., sec. 311.) It was alleged in the complaint that at the time of the making of the contract and subsequent thereto defendant was the owner and in possession of the twenty acres of land referred to in the written contract. We construe the contract to be executory. [2] The mere fact that the writing provided that the contract should pass title and constitute an absolute sale, with a risk on the grower for loss or damage until delivery, should be held to mean only that title should be deemed to pass whenever the produce became a growing crop. It was competent for the parties to so contract. (*Farmer* v. *Leaf*, 46 Cal. App. 542, [189 Pac. 735].) [3] But were we to assume that that particular term of the contract was void, it would not vitiate the main contractual obligation imposed upon the defendant, which was to grow

and deliver the crop. In that case section 1141 of the Civil Code would apply, which declares that title is transferred by an executory agreement for the sale of personal property when the buyer has accepted the thing, or when the seller has completed it, prepared it for delivery, and offered it to the buyer, with intent to transfer title thereto. [4] There was no lack of mutuality in the obligations imposed by the contract. Plainly its terms were sufficient to have enabled the defendant, had he produced a crop and offered it to the plaintiff and had the latter refused to accept it, to enforce that term which provides for the payment of the price agreed upon. That term is definitely stated, to wit: "The Hogue-Kellogg Company agrees to pay for said beans on net weight at $4.25 dollars, per hundred pounds, delivered f. o. b. cars at Buena Park, Calif., on or before December 1st, 1917." The condition immediately following, that in the event there was a failure to deliver it would be optional with the vendee to cancel the contract or continue it in force, was a mere statement of the legal right of the vendee upon default being made by the vendor.

As to the allegation of damage, plaintiff particularly alleged the making of the contract, the terms thereof, and the breach committed by the defendant; it alleged that by reason of the failure and refusal of the defendant to grow and deliver the beans plaintiff had been damaged in the sum of $775, and that the damages had not been paid. [5] It is the position of appellant that the particulars as to why and how the plaintiff had been damaged should have been specially alleged; and in this regard it is claimed that an additional allegation contained in the complaint, which was that at the time when performance was due the price at which the plaintiff "might have bought" the equivalent of the beans agreed to be grown and delivered and which the land was capable of producing was the sum of twelve dollars per hundred pounds, is insufficient. This allegation, of course, if that matter was required to be specially pleaded, as contended for by appellant, was insufficient, for section 3308 of the Civil Code declares that the detriment caused by the breach of a seller's agreement to deliver personal property is "the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract, if it had been

fulfilled." The statement in the complaint of the price at which the plaintiff "might have bought" beans in the market at the time delivery from defendant was due is not an allegation of the value of the beans to the plaintiff or the market price thereof. **[6]** But we think the plaintiff was not required to particularly plead the facts as to how the damage arose. "At the common law, general damages, such as the law presumes to arise, as being the natural and necessary result of the wrong complained of, were not required to be pleaded. Damages for breach of contract to buy or sell goods were within this rule." (*Riverside Coal Co.* v. *Holmes,* 36 Neb. 858, [55 N. W. 255].) "Under a general allegation of damages a plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of. These damages the law implies will proceed from the act, although the amount may often be in the reasonable discretion of the jury. They are called 'general,' as contradistinguished from 'special,' damages, which are required to be specially stated in the declaration." (*Mitchell* v. *Clarke,* 71 Cal. 163, [60 Am. Rep. 529, 11 Pac. 882]; *Barber* v. *Cazalis et al.,* 30 Cal. 92.) A still further answer to the contention of appellant is that, as against the general demurrer, the complaint was sufficient to support a judgment for nominal damages, even though matters required to be specially pleaded were omitted therefrom. (*McCarty* v. *Beach,* 10 Cal. 461; *Moody* v. *Peirano,* 4 Cal. App. 411, [88 Pac. 380].)

For the reasons stated, the judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.