[Civ. No. 4352.  Second Appellate District, Division One.—April 11,
1924.]

## FREDERICK M. ROSSITER, Respondent, v. ELMER H. THOMPSON, Appellant.

[1] EMPLOYER AND EMPLOYEE — RESTRAINT OF TRADE — CONTRACT IN
CONTRAVENTION OF SECTION 1673, CIVIL CODE — SEVERANCE OF
VALID PROVISIONS.—Assuming that part of a contract wherein
one physician employs another to carry on the practice of the
former in a given locality is void, in that it restrains the former
from exercising a lawful profession in contravention of section
1673 of the Civil Code, the remainder of the contract may stand,
where it is complete in itself and not in any manner related to
or dependent upon the objectionable feature of the contract, and
not in violation of any law.

[2] ID. — ACTION FOR DAMAGES — TERMS OF CONTRACT — FAILURE TO
FIND AS TO INVALID PROVISION.—In an action by the employee
against the employer for damages for the breach of said contract
of employment, the failure of the trial court to find upon the
issue as to whether or not there was any agreement that defend-
ant should absent himself from the locality in question and
abandon his practice and patients during the time covered by the
contract did not constitute reversible error, as a finding thereon,
in accordance with the allegation of defendant's answer which
denied that such fact was a part of the agreement, would have
eliminated all questions as to the legality of the contract.

[3] ID.—CONTENTS OF ORAL CONTRACT—FINDINGS—PRESUMPTION.—In
such action, the contract having been oral and the findings of the
trial court having purported to set forth the entire agreement that
was entered into between plaintiff and defendant, everything not
included within the court's statement of what the oral agreement
consisted is presumed not to have been agreed to by the parties;
therefore, if any finding had been made on the allegation in the
complaint, which was denied by the answer and as to which no
express finding was made, that it was agreed that defendant should
absent himself from the locality in question and abandon his

---

1.  See 6 Cal. Jur. 139, 148, 453; 6 R. C. L. 814.
2.  See 2 Cal. Jur. 1028; 2 R. C. L. 243.

practice and patients during the time covered by the contract, it would necessarily have been that no such agreement was made.

[4] Id. — Breach — Damages — Evidence — Findings. — In such action, there was ample evidence to warrant the conclusion of the trial court that defendant wrongfully and in violation of the agreement resumed the management and control of his practice and excluded plaintiff therefrom and to justify the finding as to the amount of damage sustained by plaintiff.

[5] Id.—New Trial—Newly Discovered Evidence—Appeal.—In such action, the appellate court could not say that the trial court erred in denying defendant's motion for a new trial on the ground of newly discovered evidence, where the evidence which defendant claimed had been discovered after the case had been tried was cumulative in character and went only to the point of contradicting the testimony of plaintiff, the showing as to diligence in discovering such evidence before the close of the trial was weak and altogether unsatisfactory, and there was nothing in the record on appeal indicating other than that the motion was accorded a full and fair hearing on its merits and that the decision thereon by the trial judge was entirely free from any suspicion of prejudice or improper conception of his legal duty in the premises.

---

(1) 13 *C. J.*, p. 512, sec. 470.　(2) 4 *C. J.*, p. 1059, sec. 3044. (3) 4 *C. J.*, p. 1060, sec. 3044.　(4) 4 *C. J.*, p. 877, sec. 2853.　(5) 4 *C. J.*, p. 835, sec. 2817; 29 *Cyc.*, pp. 911, 919, 1009.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fredericks & Hanna for Appellant.

Swaffield & Swaffield for Respondent.

HOUSER, J.—This is an appeal from a judgment in favor of plaintiff and against defendant, arising out of an action brought on an alleged breach of contract.

Each of the parties is a physician and surgeon. From the record herein it appears that for several years prior to October 1, 1918, defendant had been engaged in the prac-

---

5. What is cumulative evidence within rule excluding it when offered in support of motion for new trial, note, **Ann. Cas.** 1913D, 157. See, also, 10 *Cal. Jur.* 690; 20 **R. C. L.** 297.

Cumulative evidence as ground for new trial in civil case, note, **L. R. A.** 1916C, 1162. See, also, 20 **R. C. L.** 295.

tice of his profession in the city of Burbank; that for a period of some seven or eight months prior to said date plaintiff had been practicing medicine in the town of La Brea; that at about that time defendant either had received, or was about to receive, a commission in the medical corps of the United States Army; and in anticipation of such appointment, defendant initiated negotiations with plaintiff looking to an arrangement whereby plaintiff would abandon his medical practice at La Brea and take over defendant's medical practice at Burbank. The result of the negotiations was that an oral agreement was entered into between the parties, which, according to the finding of the judge of the trial court, was as follows:

"That on said 14th day of October, 1918, said parties entered into an agreement wherein and whereby plaintiff agreed to surrender and abandon his said residence and practice in said town of Brea and to take up his residence in said city of Burbank, and defendant agreed to employ plaintiff to take and assume full management and control of said defendant's practice and to maintain, carry on and conduct the same for the period of one year beginning October 14, 1918; and it was further agreed that plaintiff should receive as compensation a portion of the income derived from said practice computed as follows, to-wit: The necessary operating and running expenses connected with said business, together with plaintiff's house rent, and also together with a sum of money sufficient to pay such income tax as should be levied upon the income derived during said period, should be first deducted from the income of said practice during said period and of the balance remaining plaintiff should receive ninety (90%) per cent and defendant ten (10%) per cent. That by the terms of said agreement it was further agreed that defendant should not be obligated to render any services in the prosecution of said practice for one year and should be privileged to remain away from said practice for the entire term of said agreement; and that defendant would allow plaintiff to remain and continue in the full management and control of said practice for said period and upon the terms above mentioned."

The terms of the agreement were complied with by each of the parties to the agreement until on or about the four-

teenth day of January, 1919, when (again to quote the find-
ings of the trial court): "defendant wrongfully and in
violation of the terms of said agreement and without any
cause therefor resumed the management, control and con-
duct of his said practice and wrongfully and without any
cause therefor discontinued the said employment of plain-
tiff and wrongfully and without any cause therefor excluded
plaintiff from said practice and from the management, con-
trol and conduct thereof, and wrongfully and without any
cause therefor excluded plaintiff from participation in any
of the income from said practice, and continued to so
wrongfully and without cause exclude plaintiff from said
practice and from the management, control and conduct
thereof and from participation in any of the income of said
practice, from said 14th day of January, 1919, for the bal-
ance of the term of said agreement."

Defendant's first contention is that the complaint does
not state facts sufficient to constitute a cause of action.
The basis of the objection is that, in addition to stating
what is concededly unobjectionable as a cause of action, the
complaint contains matter which it is claimed precludes
plaintiff from a recovery of any judgment against defend-
ant. The language of the complaint to which appellant's
attack is directed is as follows: "That on or about the 14th
day of October, 1918, it was agreed by said parties that
plaintiff should surrender and abandon his said residence
and practice in said town of Brea and take up his residence
in said city of Burbank; that plaintiff should assume and
undertake the burdens and responsibilities of and conduct
and carry on the said practice of defendant for the ensuing
year, and give to the same such time and effort as should be
necessary, and that defendant should absent himself from
said city of Burbank and the immediate vicinity thereof,
and abandon his said practice and patients for said period
of time, and allow and permit plaintiff to remain in the
sole and exclusive management and control thereof for said
period of time, so far as concerned the activities and pro-
fessional efforts of defendant."

[1] Appellant urges that the allegation that it was
agreed "that defendant should absent himself from said
city of Burbank, . . . and abandon his said practice and
patients for said period of time" presents a situation inimi-

cal to the provisions of section 1673 of the Civil Code, by which any contract whereby anyone is restrained from exercising a lawful profession "is to that extent void." The contract between plaintiff and defendant was one of employment, the compensation for which was based upon a percentage of the remuneration received for the work which was to be done. The apparent intention of the parties was that the employee was to do all the work and the employer was not expected to be present even for the purpose of overseeing it. The language of the contract that the employer "should absent himself . . . and abandon his practice" was more in the nature of a privilege extended to the employer than that it was mandatory or compulsory that he should do so. The employer was "to allow and permit plaintiff to remain in the sole and exclusive management and control thereof for said period of time, so far as concerned the activities and professional efforts of defendant." In the very nature of things, it would not be expected that an employer would abdicate all authority in the premises which might ensue from an enforced absence from the place where the work was to be performed. The terms of the contract, if strictly followed, might preclude the employer from visiting his family residing within the territorial limits of the city of Burbank, or even go so far as to prevent the employer from passing through the city on a train or an automobile. Such an absurd result, of course, was never contemplated by the parties. The principal and controlling feature of the agreement was "that plaintiff should assume and undertake the burdens and responsibilities of and conduct and carry on the said practice of defendant for the ensuing year." The provision that defendant should absent himself and abandon his practice was merely incidental to the main object of the agreement. The contract was composed of several severable parts. If it be assumed (without necessarily deciding the point) that that part of the agreement by which defendant was "restrained from exercising a lawful profession" was in contravention of the provisions of section 1673 of the Civil Code, and was "to that extent void," yet the remainder of the contract having to do with the employment of plaintiff by defendant, being complete in itself and not in any manner relating to or

dependent upon the objectionable feature of the agreement, and not in violation of any law, may stand.

In the case of *City Carpet etc. Works* v. *Jones,* 102 Cal. 506 [36 Pac. 841], there was a sale of a business, including its goodwill, within the counties of San Francisco, Alameda, and San Mateo. The statute to which reference has been made permits a sale of "the goodwill of a business . . . within a specified county." In holding that the covenant was divisible and that it might be enforced as to that part which was not in violation of the terms of the statute, the court said: "In this case three counties are named in the contract, and I see no difficulty in upholding it as to the county in which the business was conducted, and declaring it void as to the other two counties. The boundaries of each are definite, and fixed by law. Neither includes any part of the others. If the city and county of San Francisco had alone been named the contract would have been good. How the naming of the counties of Alameda and San Mateo in addition, such addition being void, could affect that which otherwise is valid, the void part being capable of exact ascertainment and separation, I do not comprehend, and especially when such separation not only does no violence to the language of the statute, but does justice between the parties and promotes the public interests, and conforms to the obvious intention of the statute, and it is only to the 'extent' that the contract departs from the provisions of the code that it is declared void." So in the case at bar, the void part of this contract (assuming it to be such) is "capable of exact ascertainment and separation"; and "such separation does no violence to the language of the statute," and certainly does justice between the parties.

In the case of *Ragsdale* v. *Nagle,* 106 Cal. 332 [39 Pac. 628], it is held (syllabus) that "where a contract for the sale of a goodwill of a business, and to refrain from carrying on a similar business, goes beyond the scope of the law in certain particulars, it is nevertheless valid in all those particulars in which it falls within the provisions of the law."

Section 1599 of the Civil Code provides that "where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part,

the contract is void as to the latter and valid as to the rest.'' And the following cases are in point with reference to upholding that part of the contract herein to which there can be no statutory objection: *Brown* v. *Kling,* 101 Cal. 295 [35 Pac. 995]; *Hedges* v. *Frink,* 174 Cal. 552 [163 Pac. 884]; *Mack* v. *Jastro,* 126 Cal. 130 [58 Pac. 372]; *Treadwell* v. *Davis,* 34 Cal. 601; *Jackson* v. *Shawl,* 29 Cal. 267; *Hogue-Kellogg Co.* v. *Baker,* 47 Cal. App. 247 [190 Pac. 493]; *Porter* v. *Fisher,* 4 Cal. Unrep. 324 [34 Pac. 700].

Appellant's second contention is that the contract as set forth in the findings is illegal. No authorities are cited to support the claim, and this court is unable to discover any defect therein which would result in a legal declaration of the nature of that suggested by appellant.

It is next urged by appellant that there is a material variance between the pleadings and the findings, and that the court erred in not finding upon the issue as to whether or not there was any agreement that defendant should absent himself from the city of Burbank and abandon his practice and patients during the time covered by the contract.

[2] It will be remembered that it was plaintiff who pleaded the fact in question. Defendant answered, denying that such fact was a part of the agreement. The most that defendant could expect would be a finding in accordance with the averments of his answer. The substance of the allegations contained in the answer is that no such agreement was made. Taking defendant's allegation at its full face value, defendant is not hurt because the court failed to find thereon, for the reason that such a finding would have eliminated all question as to the legality of the contract. [3] This was an oral agreement. The findings of the court purport to set forth the entire agreement that was entered into between the parties thereto. Necessarily everything not included within the court's statement of what the oral agreement consisted is presumed not to have been agreed to by the parties; therefore, if any finding had been directly made on the allegation, it would necessarily have been that no such agreement was made. But assuming that had the court found directly on the matter, the finding would have been against defendant's contention, then the

agreement would simply have contained a clause which would not have materially assisted defendant for the reason, as heretofore stated, that the inclusion of such alleged objectionable matter in the agreement at most renders the contract invalid only "to that extent." The rule is well settled that if an omitted finding would have been adverse to a defendant, such omission will not constitute an error sufficient to authorize a reversal of the judgment. (*Winslow* v. *Gohransen,* 88 Cal. 452 [26 Pac. 504]; *Southern Pac. R. R. Co.* v. *Whitaker,* 109 Cal. 274 [41 Pac. 1083]; *Reed* v. *Johnson,* 127 Cal. 541, and cases there cited [59 Pac. 986]; *Gerth* v. *Gerth,* 7 Cal. App. 737, and cases there cited [95 Pac. 904]; *Furlong* v. *White,* 51 Cal. App. 265 [196 Pac. 903]; *United States Trading Corp.* v. *Newmark Grain Co.,* 56 Cal. App. 191 [205 Pac. 29].)

[4] Appellant further complains that the evidence was insufficient to justify the finding by the trial court as to the amount of damages sustained by plaintiff; or that defendant wrongfully and in violation of the agreement resumed the management and control of his practice and excluded plaintiff therefrom. But an examination of the record on appeal clearly shows that there was ample evidence to warrant the conclusion reached by the judge of the trial court in regard to each of such matters.

[5] Appellant's final contention is that the court erred in refusing to grant defendant's motion for a new trial on the ground of newly discovered evidence. The evidence which defendant claimed had been discovered after the case had been tried was cumulative in character and went only to the point of contradicting the testimony of plaintiff. The showing as to diligence in discovering such evidence before the close of the trial was weak and altogether unsatisfactory. In circumstances such as were presented at the time the motion for new trial was considered, the decision rested entirely with the discretion of the judge of the trial court. The rule is unquestioned that unless such discretion is clearly shown to have been abused, the conclusion by the trial court is final. There is nothing in the record herein which would indicate other than that the motion for new trial was accorded a full and fair hearing on its merits and that the decision thereon by the judge of the lower court

was entirely free from any suspicion of prejudice or improper conception of his legal duty in the premises.

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 9, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1924.

All the Justices concurred.