[Civ. No. 1974. Fourth Appellate District.—November 5, 1936.]

LOS ANGELES SCENIC STUDIOS, INC. (a Corporation), Respondent, v. TELEVISION INC. (a Corporation) et al., Defendants; C. CUSACK et al., Appellants.

E. H. Delorey and Frank L. Simons for Appellants.

Samuel DeGroot, Morey S. Levenson and Eli H. Levenson for Respondent.

BARNARD, P. J.—This is an action upon a contract. Paragraph V of the complaint reads as follows:

"That on or about the 25th day of May, 1935, said plaintiff entered into an express agreement with defendants whereby said plaintiff was to erect, construct and build for the defendants that certain exhibit known as the Television Exhibit (building), located in the Electrical Products Building of the California Pacific International Exposition in the city of San Diego, county of San Diego, state of California; that pursuant to said agreement plaintiff did erect, construct and build the said exhibit (building) hereinbefore referred to; that the agreed price for said erection, construction and building of said exhibit (building) was the sum of two thousand eighty-four and 47/100 ($2,084.47) dollars, plus the California sales tax in the amount of twenty ($20.00) dollars."

The court found that the defendants Procunier, Cusack and Bolger were copartners doing business under the name of Television Company; that on May 25, 1935, the plaintiff entered into an express agreement with these defendants "whereby said plaintiff was to erect, construct and build for the defendants that certain exhibit known as the Television Exhibit, located in the Electric Products Building of the California Pacific International Exposition in the city of San Diego, County of San Diego, State of California; that pursuant to said agreement plaintiff did erect, construct and build the said exhibit hereinbefore referred to; that the agreed price for said erection, construction and building of said exhibit was the sum of $2,000.00"; that payment had been demanded; and that these defendants had failed and refused to pay to the plaintiff the said sum or any part thereof. Judgment was entered on February 5, 1936, for $2,000 with interest and costs. In the clerk's transcript appears an order granting a motion for a new trial as to the defendant Procunier on the ground of insufficiency of the evidence, denying the motion as to the defendants Cusack and Bolger, and ordering the plaintiff to amend its complaint by interlining the word "building" in three places in paragraph V of the complaint. The interlineations thus ordered appear in parentheses in the above copy of paragraph V, and the words so added did

not appear in the complaint at the time judgment was entered.

The defendants Cusack and Bolger have appealed from the judgment against them upon the judgment roll alone. The respondent has moved to strike the word "building" from the clerk's transcript wherever this word was interlined in paragraph V of the complaint, and to strike from the clerk's transcript the order passing upon the motion for a new trial and ordering the amendment of the complaint.

It is unnecessary to decide the questions presented by the motion to strike since the matters contained in the order and in the purported amendment of the complaint are immaterial in so far as this appeal is concerned. For that reason and to clear the record the motion to strike is denied.

The main point raised by the appellants is that the complaint did not state a cause of action since it failed to allege that the plaintiff was a duly licensed contractor. The appellants rely upon that part of section 12 of the "Contractor's License Law" as amended in 1933 (Stats. 1933, p. 1482), which provides that a person acting in the capacity of a contractor, as defined by the act, may not maintain an action to recover compensation for services for which a license is required by the act without alleging and proving that he was a duly licensed contractor at the time the alleged cause of action arose.

Section 2 of this act, as amended in 1933, provides that the act shall not apply to a number of situations, including the following:

"(g) Any work or operation connected with the sale or installation of any finished product, material, or article of merchandise, which is not fabricated into and does not become a permanent fixed part of the structure.

"(h) Any construction, alteration, improvement or repair of personal property except as limited by subdivision (g) of this section."

It would appear from the act in general that it was intended to apply to contractors who engage in work upon structures or projects which are or are to become a part of the real property upon or in connection with which the work is done. The portions of section 2 above quoted

specifically exempt from the provisions of the act any construction or repair work upon personal property which is not fabricated into and does not become a permanent fixed part of the structure.

The court found that the agreement here in question was to erect, construct and build a certain exhibit known as the "Television Exhibit", located in the Electric Products Building of the Exposition recently held in San Diego. Whether this exhibit took the form of a building or was an exhibit of another nature, we are not required to assume that it was fabricated into and became a permanent fixed part of the Electric Products Building, in which it was located. It is common knowledge that many exhibits in such exposition buildings are not affixed to the premises in such a way as to become a part of the real property. Such an exhibit could well take the form of a small movable building, and the fact that it is called a "building" would not be conclusive in determining whether or not it was fabricated into and had become a permanent part of the structure within which it was located. This appeal being upon the judgment roll alone, all intendments must be taken in support of the judgment. (*Caruthers* v. *Hensley,* 90 Cal. 559 [27 Pac. 411]; *Sacre* v. *Imperial Water Co.,* 206 Cal. 13 [272 Pac. 1044].) If the exhibit in question was not of such a nature that it became a fixed part of the structure in which it was located the complaint stated a cause of action and, in the absence of any record as to the facts, we must assume that the evidence supported the findings and judgment.

It is argued that there was a failure to find on a material matter for the reason that the court failed to find that $2,000 or any other sum is due and owing to the respondent. The complaint alleged an express agreement to construct this exhibit at an agreed price, that the work was done as agreed, that demand for payment had been made, and that the defendants had failed and refused and continued to fail and refuse to pay the amount due or any part thereof. In the answer the defendants admitted that they had not paid the amount claimed or any part thereof. No issue was presented as to whether the amount had been paid. The only possible conclusion from the facts found is that the amount is due and owing, and the appellants

are in no way prejudiced by the absence of a specific finding in this regard. (*Reed* v. *Johnson,* 127 Cal. 538 [59 Pac. 986].) The findings were sufficient to support the judgment.

Some suggestion is made that the appealing copartners should not be held liable since a new trial was granted to the third partner. If the order in connection with the motion for a new trial were to be considered on this appeal the fact would still remain that the insufficiency of the evidence referred to by the court may have been a failure to prove that the other defendant was a member of the partnership in question. The evidence is not before us.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.