[No. 15128. In Bank. — September 7, 1892.]

L. G. HARVEY, RESPONDENT, *v.* D. R. DALE, APPELLANT.

ACTION UPON NOTE — DEFENSE — FAILURE OF CONSIDERATION — INVALID BOND OF WATER COMPANY. — An action upon a promissory note, given in consideration of the purchase of a bond of a water company organized under the laws of this state, cannot be defended against upon the ground of a failure of consideration of the note, owing to the alleged invalidity of the bond, through failure of the corporation to take the steps required by law in the issuance of its bonds.

ID. — SALE OF BONDS OF CORPORATION — CAVEAT EMPTOR. — The purchaser of the bond of a corporation, having the same opportunity as the seller to ascertain the steps taken by the corporation in the issuance of its bonds, buys subject to the rule of *caveat emptor*, whether he makes such examination or not, and assumes all the risk of its invalidity when he accepts the bond in exchange for his promissory note.

APPEAL from a judgment of the superior court of Alameda County.

The facts are stated in the opinion of the court.

*W. T. Baggett,* for Appellant.

*James A. Waymire,* for Respondent.

HARRISON, J. — Action upon a promissory note, to which the defendant pleaded a failure of consideration. Plaintiff recovered judgment, and the defendant has appealed. The cause was tried upon an agreed statement of facts, from which it appears that the note sued on was given for the purchase by the defendant from the plain-

tiff of one of a series of five thousand one-thousand-dollar bonds that had been issued by the Blue Lakes Water Company, a corporation duly organized and doing business under the laws of this state. The agreed statement also contains the various steps taken by the corporation in the matter of its issuance of the bonds; and it is contended on the part of the appellant that by reason of the failure to take certain other steps which he claims are required by the statute, the bonds are invalid, and therefore the consideration for his note has failed.

The sufficiency of the acts done by the corporation in the issuance of the bonds is the only question presented in the points of the respective counsel, and upon this question we have been referred merely to section 359 of the Civil Code, designating the steps to be taken by a corporation for the issuance of its bonds, and are asked to determine whether the compliance with the steps designated by that section was sufficient to render the bonds valid. But as this question is not involved in determining the correctness of the judgment appealed from, it would not be proper to enter into its discussion, especially as the corporation and other bond-holders who are directly interested in the question are not before the court.

In *Sutro* v. *Rhodes*, 92 Cal. 117, it was held that where one had sold certain county bonds that were invalid by reason of their having been issued without authority, such invalidity did not constitute a failure of consideration, and that the purchaser could not maintain an action to recover from his vendor the money which he had paid for the bonds, referring in support thereof to section 1774 of the Civil Code, and *Otis* v. *Cullen*, 92 U. S. 447. Upon the principles of that case we must hold that the defendant herein cannot resist the payment of the note sued upon. He got from the plaintiff exactly what he intended to buy and did buy, viz., one of the bonds of the corporation. He had the same opportunity as the plaintiff to ascertain the steps that had been taken by the corporation in the issuance of the bonds, and whether he

made such examination or not, he bought subject to the rule of *caveat emptor*, and assumed all the risk of its invalidity when he accepted the bond in exchange for his promissory note.

The judgment is affirmed.

McFarland, J., De Haven, J., Beatty, C. J., and Sharpstein, J., concurred.