[Sac. No. 709.  Department Two.—December 28, 1900.]

## P. A. BUELL & CO., Appellant, v. JAMES BROWN and LOUIS DONDERO et ux., Respondents.

MECHANICS' LIENS—TIME FOR FILING CLAIMS—CESSATION FROM LABOR—ABSENCE OF NOTICE BY OWNER—CONSTRUCTION OF CODE.—Under section 1187 of the Code of Civil Procedure, a cessation from labor for thirty days is deemed a completion of the building;

and in case the owner does not file the notice of such cessa-
tion, as required in that section, materialmen and laborers do
not have an unlimited time in which to file their claims of
lien, but must file them at all events within ninety days after
the expiration of such thirty day period, or within one hun-
dred and twenty days after the actual cessation from labor.

ID.—VARIANCE BETWEEN CLAIM OF LIEN AND CONTRACT SHOWN.—Where
the claim of lien set forth a contract to deliver materials at
the reasonable market rates, and the court found from the
proof that the contract was an express one to pay a fixed price,
the variance is fatal, and precludes a recovery by the plaintiff.

FINDINGS—OMISSIONS—RELATION TO ISSUES.—The court is not required
to make a finding upon an issue not made by the pleadings,
nor upon an issue rendered immaterial by the findings made
upon other issues.

APPEAL from a judgment of the Superior Court of Tuol-
umne County.   G. W. Nicol, Judge.

The facts are stated in the opinion.

Woods & Levinsky, for Appellant.

F. W. Street, for Respondents.

COOPER, C.—This action was brought to foreclose a lien for
material furnished defendant Brown and used in the construc-
tion of a barn upon the lands of defendant Dondero and wife.
Findings were filed and judgment entered for defendants Don-
dero.

This appeal is from the judgment and an order denying
plaintiff's motion for a new trial.   The findings are not as-
sailed as to the facts therein determined, but the conclusions
of law are challenged.   It appears from the findings that be-
tween the twelfth day of September and the twentieth day of
November, 1897, the plaintiff furnished defendant Brown mill
work, lumber, and materials, amounting at the agreed price to
four hundred and twenty-six dollars and thirty-three cents, to
be used, and which were used, in the construction of a barn
upon the premises of defendants Dondero.

"That said barn or structure has not been completed; that
there has been a cessation of labor on said barn or structure
ever since the twentieth day of November, 1897, and no notice
of the completion or cessation of labor was ever filed or re-

corded in the recorder's office of said Tuolumne county."
That on the sixteenth day of April, 1898, plaintiff filed and re-
corded its notice of lien, which stated, among other things, as
part of the terms of the contract by which it is sought to
charge the premises with a lien, "said claimant to deliver same
[said materials, lumber, and mill work] at said property above
described in said county of Tuolumne, state of California, at
the reasonable market rate therefor." The claim of lien
was filed nearly five months after cessation of labor upon the
barn, and the most material question in the case is as to
whether or not the notice or claim of lien was filed within time.

It is provided in the Code of Civil Procedure, section 1187,
that the owner of property for which materials have been fur-
nished to be used in the construction thereof must, "within
forty days after cessation from labor . . . . upon any unfin-
ished building, . . . . file for record in the office of the county
recorder of the county . . . . in which the property, or some
part thereof, is situated, a notice setting forth the date when
. . . . such cessation actually occurred. . . . . In case any
such owner neglect to file said notice as herein required, within
the time herein required, then the said owner . . . . shall be
estopped, in any proceedings brought to foreclose any me-
chanic's lien or liens provided for in this chapter, from main-
taining a defense therein based on the ground that said lien or
liens have not been filed within the time provided in this chap-
ter. Every person, save the original contractor, claiming the
benefit of this chapter, at any time after the completion of any
building . . . . and until the expiration of thirty days after
the filing of said notice . . . . of cessation by said owner,
. . . . must file for record with the county recorder of the
county . . . . a claim . . . . which claim must be verified by
the oath of himself or some other person; provided, however,
that in any event all claims of lien must be filed within ninety
days after the completion of said building, . . . . and in all
cases . . . . cessation from labor for thirty days upon . . . .
any building . . . . shall be deemed equivalent to a completion
thereof for all the purposes of this chapter."

The court found that labor ceased upon said building No-
vember 20, 1897, and thirty days thereafter, to wit, December

20, 1897, the building was deemed completed for the purpose of filing liens by all lien claimants. Ninety days was thereafter allowed in which to file and record the claim of lien, and the claim, not having been filed within the ninety days, was too late. It is claimed that the effect of the failure of the owner to file and record the notice of cessation of labor was to indefinitely postpone the time within which the claim of lien could be filed. We do not so construe the section. After stating that the owner failing to give notice shall be estopped from maintaining a defense on the ground that the lien was not filed within the time provided for in the chapter, it is expressly provided "that in any event all claims of lien must be filed within ninety days after the completion of said building."

The statute then provides what is equivalent to and shall be deemed completion. The proviso should be read in connection with, and as a part of, the sentence in regard to the owner being estopped to claim that the lien was not filed in time. This construction gives effect to, and makes all parts of the section consistent. It enlarges the time of thirty days, formerly given the materialman in which to file his claim of lien, and gives him thirty days after the filing of notice of cessation of labor by the owner, or, in case the owner does not file such notice, then one hundred and twenty days after such cessation from labor. The construction contended for by plaintiff would prolong the time in which a claim of lien could be filed for years, in case the owner failed to file and record the notice. Such could not have been the intention of the legislature. It is said the owner could give the notice and thus prevent the time being so extended. In reply it may be said that the materialman can file his claim of lien and commence his suit and thus prevent the bar of the statute. He is the one seeking to collect his claim, and not only seeking to collect it, but seeking to collect it by force of the statute from one who never agreed to pay it. The materialman, in this case, did not sell the materials to the owners of the land, but to Brown who was building the barn. He could charge the lot belonging to the Donderos, not for anything sold to them, or by virtue of any contract with them, but by reason of the statute alone. To charge their property by virtue of the statute it was necessary for him

to comply with the mandates thereof. We are not required to give a strained construction to the statute in order to enable plaintiff to collect its debt from parties who never agreed to pay it and who never requested the delivery of the materials.

The court found that the claim of lien set forth a contract to deliver the materials at the reasonable market rates, but that the contract was an express one, to wit, twenty-six dollars and fifty cents per thousand for lumber and two dollars and fifty cents per thousand for shingles. This was a fatal variance and prevents a recovery by plaintiff. (*Wilson v. Nugent,* 125 Cal. 283, and cases cited.)

Plaintiff claims that the court failed to find as to whether or not the owners, within three days after knowledge that the barn was being constructed, gave notice that they would not be responsible for the same as required by the Code of Civil Procedure, section 1192. There was no such issue made by the pleadings, and, if there had been, such finding would not be material, in view of what has been said as to the other points.

We advise that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.