[L. A. No. 3190. Department One.—December 9, 1913.]

EDGAR SHARP, Respondent, v. SUSIE V. PITMAN et al., Appellants.

PLEDGE—PLEADING—AMENDMENT OF COMPLAINT TO CONFORM TO PROOF OF CONSIDERATION.—In an action to enforce an agreement for the payment of money and for the sale of a note and mortgage pledged to secure the same, in which the answer denied that there was any consideration whatever for the agreement, the trial court, at the close of the evidence, may permit the plaintiff to amend his complaint so as to conform to the proofs with respect to such consideration, without giving the defendant an opportunity to further answer the complaint as amended.

ID.—FINDINGS—DECISION AGAINST LAW—IMMATERIAL ISSUES.—The failure of the trial court to find on certain issues tendered by the answer renders the decision against law only when the issues upon which there is no finding are material. A material finding in this connection is one which would have the effect to countervail or destroy the effect of the other findings. If the issue presented by the answer is such that a finding upon it in favor of the defendant would not defeat the plaintiff's right of action, a failure to find thereon is immaterial.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellants.

Leonard B. Slosson, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendants from an order denying their motion for a new trial.

On June 6, 1910, plaintiff and defendant Susie B. Pitman entered into a written contract wherein the latter agreed to pay plaintiff one thousand two hundred dollars in installments of four hundred dollars each, and pledged to him as security for the payment thereof a note of defendant W. H. Pitman of even date for one thousand six hundred and fifty dollars and interest, and a mortgage given her by said W. H. Pitman on the same date to secure the payment of said note, the same covering certain land in Los Angeles and Riverside counties. This note was given by defendant W. H. Pitman to defendant Susie B. Pitman to repay her for four hundred and fifty dollars which she then paid from her own funds to plaintiff, and for the one thousand two hundred dollars additional which she had agreed to pay him, in payment and satisfaction of a claim of plaintiff against said W. H. Pitman for certain services rendered by him as an attorney. Plaintiff had then commenced a suit against said W. H. Pitman therefor, and procured the levy of an attachment therein, and upon the execution of said agreement plaintiff caused the dismissal of such suit and the release of such attachment. On August 24, 1910, said defendant Susie B. Pitman, without the knowledge or consent of plaintiff, entered on the margin of the record of said mortgage a satisfacion thereof, and defendant W. H. Pitman on the same day made a conveyance of the mortgaged property to his wife, defendant Helen A. Pitman. No part of said one thousand two hundred dollars has ever been paid to plaintiff. All three of said defendants knew at the time of said attempted satisfaction and conveyance that the mortgage and note had been pledged by said Susie B. Pitman to plaintiff, and that the same had not been paid, and such satisfaction of mortgage and conveyance were made for the purpose of defrauding and defeating plaintiff's rights as pledgee.

This action was brought to enforce plaintiff's right under the agreement and pledge by having said satisfaction of mortgage vacated and set aside, the conveyance of W. H. Pitman to Helen A. Pitman decreed to be subject to said mortgage, and the note and mortgage sold to satisfy the claim of plaintiff against Susie B. Pitman under said agreement, and to

obtain a personal judgment against her for any deficiency remaining due after the application of the proceeds of such sale.

The facts we have recited are all established either by undisputed allegations of the complaint, or findings of the trial court which are amply supported by the evidence.

In the original complaint it was alleged that the consideration for the undertaking of Susie B. Pitman upon which this action is based was the release of an attachment theretofore levied against certain property belonging to W. H. Pitman in an action brought on plaintiff's claim, and the dismissal of said action, the same being brought by one Colburn, as the assignee of plaintiff, to collect the amount thereof for plaintiff. At the close of the trial, the court allowed plaintiff, over the objection of defendants, to file an amended complaint, the only amendment being in the matter of the consideration for the undertaking of Susie B. Pitman. By the amendment, it was alleged that the consideration was the payment and discharge of a claim and demand on the part of the plaintiff against the defendant W. H. Pitman, for services theretofore rendered by the said plaintiff to said defendant. The trial court, as we have seen, found in accord with this amendment. Defendants were never given any opportunity to answer the complaint as amended, and assign as error the action of the court in thus permitting the amendment. The amendment was one made to make the complaint conform to the proofs, which sufficiently showed that the undertaking was given not merely in consideration of the dismissal of an action and the release of an attachment issued therein, but in full discharge of the claim upon which such action was based. The variance was of such a nature that it could not possibly have misled defendants to their prejudice in maintaining their defense on the merits, and the court was fully justified in allowing the amendment to be thus made. (Code Civ. Proc., secs. 469 and 470.) The defendants in their answer had denied that there was any consideration whatever for said undertaking of Susie B. Pitman, and there was no necessity for any amendment of the answer in that regard.

The trial court found that the services rendered by plaintiff to said W. H. Pitman, on which his claim against the latter

was based, were not wholly without any value to said defendant, and that said defendant agreed to pay plaintiff therefor the sum of one thousand six hundred and fifty dollars. We are absolutely unable to see any good warrant for a claim that this finding is without sufficient support in the evidence. Extended discussion of the evidence bearing upon this matter would serve no useful purpose. It suffices to say that there was sufficient evidence to sustain the following conclusions, viz.: that defendant W. H. Pitman's wife had departed from his home, and that her whereabouts were unknown to him; that all of the real property in Los Angeles and Riverside counties in which he and his wife had any interest had been put in the name of the wife; that all of the same was community property; that W. H. Pitman was exceedingly anxious to learn as to the whereabouts of his wife, and to obtain from her deeds of such realty; that plaintiff's services were rendered in connection with this matter, with the result that the deeds were obtained; that the deeds were not obtained under such circumstances as to render them worthless, or as would warrant the setting aside of the same on the ground of undue influence or coercion or fraud, or want of understanding on the part of the grantor; and that defendant W. H. Pitman freely and voluntarily agreed to pay plaintiff one thousand six hundred and fifty dollars for his services in the matter. The evidence as to the circumstances under which the deeds were obtained was of such a nature as to present a question of fact as to their validity, for the determination of the trial court, and its determination that they were valid cannot fairly be held to be without sufficient support in the evidence. It is to be borne in mind that under the findings of the court as to the character of this property, as being separate or community property, the only effect of the deeds was to put community property of the spouses in the name of the husband. There was sufficient evidence to support the conclusion that the real property was wholly community property, notwithstanding that the legal title was in the name of the wife. There was evidence of W. H. Pitman himself that he bought the property with money which he made out of his olive and oil business, and there was other evidence to the effect that he had said that they had accumulated the real property subsequent to marriage, and that he carried it in

his wife's name to avoid payment of a debt.  Although both
W. H. Pitman and his wife were witnesses, neither made any
claim that it had ever been given by the husband to the wife.
What we have said sufficiently disposes of the claim made in
the brief of learned counsel for respondent as to certain find-
ings of fact being without sufficient support in the evidence.
One or two other findings complained of in the brief we regard
as immaterial, as, for instance, the finding that plaintiff did not
state to Helen A. Pitman that he was taking an assignment
of certain jewelry for the purpose of recovering it for her.

It is urged in the brief of defendants that the decision is
against law in that the trial court failed to find upon a large
number of the issues tendered by defendants' special defense.
We have carefully examined the issues referred to and are
satisfied that in so far as the subject matter of the same is not
sufficiently covered by findings made, they were immaterial.
It was substantially said in *Brison* v. *Brison,* 90 Cal. 328, [27
Pac. 186], that the rule contended for by defendants is appli-
cable only where the issues upon which there is no finding are
"material," and a material finding in this connection was there
defined as being one which "would have the effect to counter-
vail or destroy the effect of other findings." It was further
said "If a finding upon such issues would not have this effect,
the issues cannot be disregarded as material, and the failure to
make a finding thereon would not be prejudicial. If the
findings which are made are of such a character as to dispose
of issues which are sufficient to uphold the judgment, it is not
a mistrial or against law to fail or omit to make findings upon
other issues, which if made, would not invalidate the judg-
ment. If the issue presented by the answer is such that a
finding upon it in favor of the defendant would not defeat the
plaintiff's right of action, a failure to make such finding is
immaterial."

This being an appeal only from the order denying a motion
for a new trial, we are limited to the matters that may be
considered on such an appeal, which in this case, in view of
the grounds specified in the notice of intention to move for a
new trial, are the alleged insufficiency of the evidence to
justify the decision, that the decision is against law for
failure to find on certain issues, and errors in law occurring

at the trial. We see no good warrant for a new trial on any of these grounds.

The order denying a new trial is affirmed.

Sloss, J., and Shaw, J., concurred.