[Civ. No. 3983. Second Appellate District, Division One.—March 13, 1924.]

## E. M. LINCOLN, Respondent, v. JENNIE M. HOGGARD et al., Appellants.

[1] Landlord and Tenant — Right to Share in Growing Crops — Construction of Lease.—In this action to recover a sum of money claimed to be due from a lessor to the lessee as the result of the termination of the lease, the agreement of the parties having been that the "lessor shall share fifty per cent in everything produced or raised on said leased property, and the lessee shall share fifty per cent in everything produced or raised on said leased property, during the continuance of said lease," the trial court properly found and determined that the lessee was entitled to fifty per cent of the crop that was growing on the land at the time the lease was executed.

[2] Id. — Surrender of Possession — Payment — Agreement of Parties—Findings.—In such action, the trial court, having found on substantial, though conflicting, evidence that the parties to the lease agreed to cancel the lease "according to its terms, and agreed to allow the lessee to harvest his crops; that said crops were thereafter harvested"; and that they agreed to divide the crops "according to the terms of said contract"; that "plaintiff agreed to surrender possession of said premises and to cancel said contract according to its terms," impliedly found that the allegation contained in the answer to the effect that the surrender of

---

1. See 8 Cal. Jur. 697; 8 R. C. L. 362.

possession was upon the terms pleaded by defendant, and which were different than those set forth in the lease, was untrue.

[3] ID.—FINDINGS—IMMATERIAL ISSUES—JUDGMENT.—In such action, the findings having been ample to dispose of the material issues in the case and to uphold the judgment, the failure to make other findings upon other issues which, if made, would not invalidate the judgment, did not make the decision against law, nor amount to a mistrial.

(1) 36 C. J., p. 700, sec. 1942.    (2) 38 Cyc., pp. 1984, 1985. (3) 38 Cyc., p. 1969.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Milton K. Young, Lyndol L. Young, William K. Young and Forrest F. Murray for Appellants.

Frank C. Prescott and Frank G. Falloon for Respondent.

HOUSER, J.—Plaintiff brought an action against defendant for breach of a contract arising out of an alleged failure to keep a certain covenant in a lease between them as follows:

"If the Lessor wishes to cancel the lease and gain possession of the property the Lessee agrees to accept $3.00 per acre for such land as he has plowed and seeded or $2.50 per acre for land that is plowed but not seeded. At any time up to and withing 60 days of the time of harvest. Within 60 days of time of harvest the Lessee will be allowed to harvest his crop. After harvesting of the crop and up into the time of the spring or fall plowing the Lessee will surrender lease and give possession upon payment to him of $500.00 in cash plus the price per acre of any land plowed as per above schedule."

The lease also contained, among other provisions, the following: "It is agreed between the parties hereto that the Lessor shall share fifty per cent in everything produced or raised on said leased property, and Lessee shall share fifty per cent in everything produced or raised on said leased property, during the continuance of said lease."

The property described in the lease was sold shortly after plaintiff went into possession thereof; and thereupon, according to the findings of the court, "plaintiff and said defendant agreed to divide certain crops on said premises according to the terms of said contract, and plaintiff agreed to surrender possession of said premises and to cancel said contract according to its terms."

The crops were divided in accordance with the said agreement of the parties, but defendant failed to pay to plaintiff the sum of five hundred dollars, which plaintiff claimed to be due to him under the terms of the lease. From a judgment in favor of plaintiff for the sum of five hundred dollars defendant appeals to this court.

[1] It is contended that because the crop was growing on the land at the time the lease was executed, plaintiff was not entitled to fifty per cent thereof; but the plain language of the lease to which we have adverted will bear no such interpretation. The findings of the court, which are supported by the evidence, are that the parties "agreed to cancel said written contract according to its terms, and agreed to allow the Lessee (plaintiff herein) to harvest his crops; that said crops were thereafter harvested; that after the harvesting of the crops and before the time of the spring or fall plowing, the Lessee (plaintiff herein) surrendered his lease and gave up possession of the demised premises in accordance with the terms of said lease."

[2] Appellant also urges the point that the court failed to find upon an issue raised by the answer to the effect that the one-half of the crop was given and transferred by defendants unto plaintiff as full consideration and compensation for the surrender of said premises. But the lease itself provides for just such a division as was made between the parties; and the court found on substantial, although conflicting, evidence that the parties to the lease agreed to cancel the lease "according to its terms, and agreed to allow the Lessee (plaintiff herein) to harvest his crops; that said crops were thereafter harvested"; and that they agreed to divide the crops "according to the terms of said contract"; that "plaintiff agreed to surrender possession of said premises and to cancel said contract according to its terms."

The finding of the court as to what was the agreement between the parties at the time the lease was canceled is a complete statement as to what took place; every other thing is presumed to be excluded. The implication is that the allegation contained in the answer to the effect· that the division of the crops was in full consideration and compensation for a surrender of said premises is untrue. From the finding as made by the court it is apparent that if there had been a direct and specific finding upon the question of whether or not the division of the crops was in full consideration and compensation for a surrender of the premises, it would have been against defendant's contention; and the rule is as laid down in the case of *Winslow* v. *Gohransen,* 88 Cal. 452 [26 Pac. 504], that if the omitted finding must have been adverse to the appellant, its omission will not constitute an error sufficient to authorize a reversal of the judgment. To the same effect see *Southern Pac. R. R. Co.* v. *Whitaker,* 109 Cal. 274 [41 Pac. 1083]; *Reed* v. *Johnson,* 127 Cal. 541 [59 Pac. 986], and cases there cited; *Gerth* v. *Gerth,* 7 Cal. App. 737 [95 Pac. 904], and cases cited; *Furlong* v. *White,* 51 Cal. App. 272 [196 Pac. 903]; *United States Trading Corp.* v. *Newmark Grain Co.,* 56 Cal. App. 191 [205 Pac. 29].

[3] The findings, which were ample to dispose of the material issues in the case, are sufficient to uphold the judgment; and the failure to make other findings upon other issues which, if made, would not invalidate the judgment, does not make the decision against law, nor amount to a mistrial. (*Sharp* v. *Pitman,* 166 Cal. 505 [137 Pac. 234].)

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.