[Civ. No. 5034.   Third Appellate District.—April 23, 1934.]

J. B. BOLE, Respondent, v. C. I. LOVEJOY et al., Appellants.

CHARLES I. LOVEJOY et al., Appellants, v. TITLE GUARANTEE AND TRUST COMPANY (a Corporation) et al., Respondents.

Fred Mansur for Appellants.

Marshall Stimson and Noel Edwards for Respondents.

PULLEN, P. J.—In 1927, J. B. Bole, respondent herein, and C. I. Lovejoy, appellant, entered into an agreement, wherein Bole sold to Lovejoy all of his right, title and interest in the Young-Sackett & Company or Guarantee Underwriters Incorporated, together with his interest in certain outstanding contracts. The selling price was evidenced by a promissory note for $2,500 secured by a deed of trust on certain real property in the county of Los Angeles, and the balance of $2,930 by an unsecured promissory note payable on or before one year after date. Some three years thereafter, the notes not having been paid, Bole filed suit against Lovejoy on the unsecured promissory note.

The defendant answered, alleging that there was no consideration for the execution of the note. At about the same time Bole delivered the deed of trust to the Title Guarantee and Trust Company with instructions to foreclose, and pursuant thereto the trust company proceeded to carry out such instructions. Thereupon, Lovejoy commenced an action against Bole and the Title Guarantee and Trust Company for an injunction to prevent the sale under the deed of trust and for the cancellation of the note and deed of trust on the ground the consideration for the note and deed of trust had fully failed.

At the request of counsel for respondent these two actions were consolidated for trial. Upon the hearing of the issues presented, the court found in the action on the unsecured promissory note, that Lovejoy was indebted to respondent for the amount claimed less certain credits, and judgment was entered accordingly. No findings or judgment were entered in the action for injunctive relief.

One of the principal questions here presented by appellant is that, the court having ordered the two causes of action consolidated, findings were necessary to cover all the issues presented by both actions. In the action on the promissory note, as already stated, the court made findings responsive to the issues raised, but made no findings as to the complaint against Bole and the trust company, wherein

injunctive relief was asked to prevent the sale of the real property under the deed of trust.

■ Courts have heretofore considered the question, and while stating that it is the better practice to have only one set of findings in order to avoid needless repetition of facts common to all the causes and to prevent possible complications and inconsistencies, it is, however, merely a question of good taste and good pleading, and is not in itself cause for reversal (*Marble Lime Co.* v. *Lordsburg Hotel Co.,* 96 Cal. 332 [31 Pac. 164]). ■ So, in the instant case, the failure to make one set of findings covering the consolidated issues is not fatal to the judgment.

■ The next point urged by appellant is that the findings are not sufficient to support the judgment.

To the action on the note, which is in the usual form, the answer alleges in paragraph II, "that the note referred to in the complaint was made and delivered by the defendants to plaintiff to cover the purchase price of certain interests of plaintiff in certain partnerships and corporations which the plaintiff agreed to sell and deliver to defendants". Paragraph III alleges "that in truth and in fact the said plaintiff had no interest in such partnership or companies at the time of such pretended sale and delivery of any value whatever". It then alleges that defendants received no consideration for said notes and prayed for a dismissal of the action.

On the issues thus presented the court found "that none of the allegations in paragraph III of defendants' answer are true". Appellant insists that this finding merely negatives the allegations of the answer, but does not find what was the consideration for the note, and is, therefore, insufficient. As to the insufficiency urged by appellant we cannot agree. The consideration between the parties included "all my right, title and interest in the Young-Sackett & Company and/or Guarantee Underwriters, a corporation". The consideration paid was for any interest that respondents may have had in these concerns.

■ The answer not charging fraud, there was, therefore, no issue raised on that question upon which a finding could be made. "Fraud may not be alleged generally but the ultimate facts constituting fraud should be reasonably certain." (*Davis* v. *Monte,* 81 Cal. App. 164 [253 Pac. 352].)

Appellant cites *Field* v. *Austin*, 131 Cal. 379 [63 Pac. 692], as supporting his contention. In that case, the answer put in issue the question of fraud, and findings should have been made upon that issue. The trial court took the view that the answer failing to allege a rescission, or to allege damages, could not be regarded as a cross-complaint to rescind or for damages for fraud or deceit; hence, the only defense was a want of consideration. The Supreme Court, however, held the allegations showed more than a failure of consideration but that defendant was damaged and the extent thereof; that upon proof, he was entitled to recoupment against the notes to the amount found by the court. Here we have no allegation or proof of fraud and no demand for recoupment and, therefore, the real value of the consideration is immaterial.

The findings are in accordance with the custom and practice of the courts, that of finding allegations of the complaint to be true or untrue by reference thereto. If facts are sufficiently stated in the pleadings, findings, by distinct reference thereto, may be sufficient. (*County of San Diego* v. *Seifert*, 97 Cal. 594 [32 Pac. 644] ; *Reid* v. *Kerr*, 64 Cal. App. 117 [220 Pac. 688].) However, this practice is not to be commended. (*Davis* v. *Drew*, 58 Cal. 152, 157.) Sufficient findings appear to have been made as to the issues before the court and we find no support in the record for the contention of appellant.

As to the further objection of appellant that the evidence does not support the findings and judgment the record seems sufficient therein. One Sackett, Bole and Lovejoy, prior to the present controversy, had formed a partnership for the carrying on of a general insurance business under the name of Young-Sackett & Company. In 1926, Lovejoy purchased an interest therein. The following year the partnership conveyed its assets to a corporation formed by them under the name of Guarantee Underwriters. In December, 1927, Bole and Lovejoy entered into an agreement whereby Bole sold and transferred to Lovejoy all of his right, title and interest in and to the Young-Sackett & Company and the Guarantee Underwriters, a corporation, including his interest in and to certain insurance contracts referred to as the "Mitchell-Lloyd" contract for the consideration hereinbefore stated.

The record discloses that the transfer and conveyances were made from Bole to Lovejoy and that Lovejoy entered into possession thereof. The contract between the parties was not formally prepared, but it is apparent Lovejoy acquired from Bole all that the contract called for, namely, all of his right, title and interest in and to the Young-Sackett & Company or the Guarantee Underwriters, a corporation, including the interest in the insurance contract referred to.

Where, as here, a purchaser acquires what he intended to buy, he cannot resist payment. (*Harvey* v. *Dale,* 96 Cal. 160 [31 Pac. 14].) As was said in *Giovannoni* v. *Bartmann,* 59 Cal. App. 651 [211 Pac. 844, 848]: "Where a party obtained what he contracted for he cannot avoid his contract on the ground that what he received is less valuable than he supposed, or there is no value at all, unless he shows fraud or mistake as to the subject matter of the contract." Further, the consideration was the insurance business, and not the value thereof, and there was no mistake as to what Lovejoy was to receive, namely, the interest of Bole in the insurance business. That there was a gross inadequacy of consideration cannot be contended, for appellant, at least prior to the transaction here in question, had an interest in the Young-Sackett & Company, and was one of the incorporators of the Guarantee Underwriters Incorporated, and presumptively familiar with its affairs.

Not only was there no pleading of fraud or mistake, but we find no indication thereof in the record.

The judgment is affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 21, 1934.